PRUDENTIAL INSURANCE COMPANY
OF AMERICA, Plaintiff,

v.

E. Dale McDOWELL, Defendant.

Civ. A. No. 83–1323.

United States District Court,
W.D. Pennsylvania.

Sept. 7, 1983.

Thomas R. Sweeney, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for plaintiff.

Harold Gondelman, Terrece F. McVerry, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

Defendant McDowell has moved to stay or dismiss this declaratory judgment action because it is duplicative of an action filed by McDowell against Prudential in the state court. In order to prevent duplicative litigation and the circumvention of the removal requirements, we conclude that this action must be dismissed.

On April 18, 1983, McDowell filed suit in the Court of Common Pleas of Allegheny County against Prudential, seeking recovery on a policy of insurance. No removal petition was filed in the state action. On June 1, 1983, Prudential filed the instant suit seeking a declaratory judgment on the terms of the same insurance policy which is the subject of the state action. McDowell then filed this motion to stay or dismiss, arguing that the federal suit is duplicative of the previously filed state action.

Both this action and the state suit concern the liability of the insurer Prudential on its policy issued to McDowell. Prudential does not dispute McDowell's assertion that the suits are in essence identical. There is no issue in the federal action which could not be raised in answer to the state complaint. Essentially then Prudential asks us to entertain a duplicative action.

We recognize that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910). Nor are we under any compulsion to exercise such jurisdiction. *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). Wide discretion is given the district court in deciding whether it shall entertain a duplicative action. *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).

We are particularly mindful of the words of the Supreme Court in *Brillhart:*

Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the

orderly and comprehensive disposition of a state court litigation should be avoided. 316 U.S. at 495, 62 S.Ct. at 1175; quoted in *Will v. Calvert*, 437 U.S. at 663–4, 98 S.Ct. at 2557–58.

In this light, it is our considered opinion that principals of judicial economy and comity require that this action be dismissed. There is no issue that may be raised in the federal suit which may not be raised in the state action. There is no question of federal law present. There is no relief available here which cannot be obtained in state court. There is no valid purpose to conducting parallel and duplicative discovery. There is no rational purpose for conducting duplicative hearings. To continue to entertain this suit would be a waste of already scarce judicial resources and interference with the state court litigation. This we cannot permit.

We are also concerned that Prudential's action is merely a means of circumventing the removal provisions. 28 U.S.C. § 1441 et seq. The removing party must file a petition for removal within thirty days of service of the complaint. 28 U.S.C. § 1446(b). This period had apparently lapsed when Prudential filed the instant action alleging diversity jurisdiction. If successful in proceeding with this action, Prudential would have also avoided the surety provisions of 28 U.S.C. § 1446(d).

Prudential could have obtained a federal forum by filing a proper removal petition. Whether through inadvertence or design, this opportunity was missed. We cannot now permit Prudential to achieve the same result through the filing of a duplicative action while avoiding the strictures of the removal statutes.

Finally, no purpose would be served by a stay of this action. The state court can dispose of all issues raised in the suit and can provide appropriate relief. Therefore, for the reasons stated above, this action will be dismissed.