**KOPPERS COMPANY, INC. Plaintiff,**

v.

**KAMYR CANADA, INC., Defendant**

**Civ. A. No. 87–1188.**

United States District Court,
W.D. Pennsylvania.

Sept. 25, 1987.

Joseph A. Katarincic, David A. Borkovic, Kirkpatrick & Lockhart, Pittsburgh, Pa., for plaintiff.

Robert M. Lucas, Alder Cohen & Grigsby, Pittsburgh, Pa., Deborah M. Reyher, Simpson Thatcher & Bartlett, New York City, for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff sued defendant in a diversity action over contract relations. Defendant is Kamyr Canada, Inc., one of a related group of three corporations, the other being known as Kamyr Inc. and Kamyr AB. While these parties were engaged in a common enterprise each had a separate contract with Koppers and each contract was to be governed by the law of a different state, the one in suit here being the only one designating Pennsylvania law. Also involved in this transaction is Combustion Engineering, with whom Koppers has a separate contract of assignment of its obligations under the Kamyr contracts.

Defendant has moved to dismiss for failure to join Kamyr, Inc., Kamyr AB, and Combustion Engineering as necessary parties under Fed.R.Civ.P. 19(a). The parties sought to be joined would destroy the diversity jurisdiction of this court.

Plaintiff argues strenuously that it is solely involved with the construction of its agreement with Kamyr Canada, and that none of the other corporations are necessary parties. Plaintiff asked leave to conduct further discovery with respect to this relationship and limited discovery was allowed plaintiff on the question of indispensable parties. The plaintiff has now filed a supplemental response.

At the time of original argument on the motion there was pending an action in the state court of New York over the same cause of action in which the present defendant and its two related Kamyr corporations brought suit against Combustion Engineering, the assignee of Koppers obligations on all of Kamyr contracts. A motion to add this plaintiff, Koppers, as a defendant in that action, was granted, after Koppers had an opportunity to object.

It appears to us that there is now pending in the Supreme Court of New York, County of New York, an action which involves the present parties and all other parties claimed to be related on a cause of action arising out of the same transaction in which all contentions made here may be tried.

In the meantime the present defendant has begun discovery action in this court and has filed a motion to compel production of documents from plaintiff which plaintiff resists. This is highly illustrative of the high costs, duplication, and inefficiency created by the maintenance of parallel actions in two courts. In such a case we are not compelled to exercise our jurisdiction. *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). We have judicial discretion to decide whether to entertain such duplicative action. *Will v. Calvert Fire Insurance Co.* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).

In this light, it is our considered opinion that principles of judicial economy and comity require that this action be dismissed. There is no issue that may be

raised in the federal suit that may not be raised in the state action. There is no question of federal law present. There is no relief available here that cannot be obtained in state court. There is no valid purpose to conducting parallel and duplicative discovery. There is no rational purpose for conducting duplicative hearing. To continue to entertain this suit would be a waste of resources and interference with the state court litigation. This we cannot permit.

*Prudential Insurance Company of America v. E. Dale McDowell,* 570 F.Supp. 21 (E.D.Pa.1983) (Weber J).

Therefore, the present action will be dismissed without prejudice.