HERITAGE LAND COMPANY, an
Oklahoma partnership, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Receiver of Penn
Square Bank, N.A., Defendant.

No. CIV–83–142–T.

United States District Court,
W.D. Oklahoma.

Oct. 27, 1983.

R. Thomas Beadles, Kent F. Frates, Michael K. Harrah, Oklahoma City, Okl., for plaintiff.

Michael E. Rubenstein, Joe Edwards, Edwards, Roberts & Rubenstein, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER

RALPH G. THOMPSON, District Judge.

The defendant Federal Deposit Insurance Corporation ["FDIC"], as receiver for Penn Square Bank, has moved both to dismiss, given the pendency of identical litigation in state court, and for summary judgment under Federal Rule 56. The plaintiff has responded in opposition to both motions. For the reasons that follow, the FDIC's motion

to dismiss is granted; therefore, the Court need not reach the FDIC's motion for summary judgment.

## I

On June 30, 1982, the case *Midland Properties v. Heritage Land Co., Federal Deposit Insurance Corp., et al.*, No. CJ–82–3444, was filed in the Oklahoma County District Court to foreclose certain real estate held in record title by Heritage. On November 20, 1982, the FDIC answered and cross-petitioned the general partners and guarantors of Heritage, seeking a money judgment and foreclosure of FDIC's mortgages. The FDIC then moved for summary judgment on December 15, 1982, and a hearing on the motion was set on January 7, 1983. On that date Heritage responded to the FDIC's motion for summary judgment and moved for and obtained a continuance of the hearing until January 25. On January 21, Heritage cross-petitioned against the FDIC, alleging a breach of contract between Heritage and Penn Square Bank. Finally, on January 25, Heritage filed this action in this Court. Significantly, Heritage's January 7 response to the FDIC's motion for summary judgment and its January 21 cross-petition against the FDIC are virtually identical to the instant action.

Moreover, Heritage asserts that it has been sued in three other foreclosure actions in Oklahoma County District Court: *Garrison v. Heritage Land Co.*, No. CJ–82–6376; *Berry v. Heritage Land Co.*, No. CJ–83–126; and *Finley v. Heritage Land Co.*, No. CJ–83–127. Heritage further asserts that its defense to those actions is also based on the alleged breach of contract between it and Penn Square Bank. Brief in Opposition to Defendant's Motion to Dismiss 1–2 (May 16, 1983). The FDIC does not appear to be a

party to any of these actions, and it has not addressed them.

## II

■ It is "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (citing *England v. Medical Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440 (1964); *McClellan v. Carland*, 217 U.S. 268, 281, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910); *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821) (dictum)). Thus, when state and federal courts contemporaneously exercise concurrent jurisdiction, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction ..." *McClellan v. Carland, supra*, 217 U.S. at 282, 30 S.Ct. at 505. But there is an exception to the general rule, based on pragmatic considerations of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). *See* C. Wright, *Handbook on the Law of Federal Courts* § 52 at 315–20 (4th ed. 1983). However, this exception is extremely narrow and applies only in "exceptional circumstances". *Cone Memorial Hospital v. Mercury Construction Corp.*, —— U.S. ——, ——————, 103 S.Ct. 927, 935–38, 74 L.Ed.2d 765 (1983); *Colorado River, supra*, 424 U.S. at 818, 96 S.Ct. at 1246.[1]

■ There are several elements in the "exceptional circumstances" test. Those elements are not to be employed mechanical-

---

1. In support of its motion to dismiss, the plaintiff also relies on Justice Rehnquist's opinion in *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 657–67, 98 S.Ct. 2552, 2554–55, 57 L.Ed.2d 504 (1978). However, that reliance is not altogether justified. First, it is merely a plurality opinion, joined by three justices. Justice Blackmun concurred in the judgment, though for different reasons, and four justices including the Chief Justice dissented. *See Mercury Construction, supra*, —— U.S. at ——, 103 S.Ct. at 937. Second, the overriding stay issue is clouded by the procedural posture of the case, namely an appeal from an extraordinary writ of mandamus. *See* C. Wright, *supra*, § 52 at 318–19.

ly, but are to be "carefully balanc[ed] ... with the balance heavily weighted in favor of the exercise of jurisdiction." *Mercury Construction, supra,* —— U.S. at ——, 103 S.Ct. at 937. Those elements or factors include: whether the cases are *in rem* and involve the same property, whether there is a policy of avoiding piecemeal litigation, which of the concurrent forums first obtained jurisdiction, what law is applicable, and whether the federal forum would be inconvenient. *Mercury Construction, supra,* at ————, 103 S.Ct. at 937–941; *Colorado River, supra,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47.

## III

### A

■ The case at bar is in fact an exceptional case, warranting dismissal and deference to the state court. The state court obtained jurisdiction first, the action has progressed further in that court than in this one, piecemeal litigation should be avoided, and Oklahoma law in effect governs.

■ Primarily, the Declaratory Judgments Act, under which the plaintiff is suing here, grants the District Court discretion whether to hear the action. *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 494–95, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942). Section 2201 provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration ..." 28 U.S.C. § 2201 (emphasis added). The verb "may" in the Act is permissive, not mandatory. *Brillhart, supra,* 316 U.S. at 494–95, 62 S.Ct. at 1175–76. As such, the Act expresses a clear policy of avoiding piecemeal litigation. *Id.* Accord *State Farm Mutual Automobile Insurance Co. v. Scholes,* 601 F.2d 1151, 1155 (10th Cir.1979). As Justice Frankfurter reasoned in *Brillhart,*

> it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. at 495, 62 S.Ct. at 1175–76.

Secondly, the state court in *Midland Properties* obtained jurisdiction over the action first, some time prior to this Court. *See* Section I, *supra.* Although *Midland Properties* began as a foreclosure action against Heritage and the FDIC, among others, Heritage was obligated to raise therein all its defenses, including its defense based on Penn Square Bank's alleged breach of contract relating to the subject property; if it did not, it would be precluded from doing so thereafter. *See Dierks v. Walsh,* 196 Okl. 372, 165 P.2d 354 (1946); 12 Okla.Stat. § 272. Furthermore, on the same theory, Heritage was even more clearly obligated to assert its defense when the FDIC cross-petitioned. *Id.* Finally, based on the liberal practice of joinder of claims, Heritage should have affirmatively cross-petitioned against the FDIC early in the litigation. *See generally* Note, *Pleading: Joinder of Claims,* 15 Okla.L.Rev. 82, 83–85 (1962). Yet, inexplicably, Heritage failed to raise these matters until the FDIC moved for summary judgment on its cross-petition. Then, after it had flailed about in the state court for months and as it was facing imminent judgment, Heritage sought refuge in this Court.

Not only did the state court obtain jurisdiction first, but the litigation has proceeded much further there. In *Midland Properties* the pleadings have come at issue, and discovery has progressed substantially or has been completed, for the plaintiff has already obtained summary judgment on its petition, and the FDIC has moved for summary judgment on its cross-petition. In this Court, in contrast, little has transpired. Heritage has filed its complaint, and instead of answering the FDIC has moved to dismiss.

■ Finally, the applicable substantive law in this action is in effect that of Oklahoma, incorporated through federal common law. *See, e.g., Federal Deposit Insur-*

*ance Corp. v. Bank of America National Trust & Savings Association,* 701 F.2d 831, 834–35 (9th Cir.1983); *Professional Asset Management Inc. v. Penn Square Bank, N.A.,* 566 F.Supp. 134 (W.D.Okl.1983) (order granting in part and denying in part the defendants' motions to dismiss). The plaintiff alleges jurisdiction based on 28 U.S.C. § 1331(a). As its claim of a breach of a loan commitment contract does not itself "arise under" the constitution, laws, or treaties of the United States, jurisdiction must be predicated upon 12 U.S.C. § 1819 (fourth), which provides that all actions to which the FDIC is a party are "deemed" to arise under federal law. When an action arises under federal law, but the federal statute does not provide the rule of decision, the court must turn to federal common law. *See D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.,* 315 U.S. 447, 456–59, 62 S.Ct. 676, 678–80, 86 L. Ed. 956 (per Douglas, J.), 465–75, 62 S.Ct. at 682–88 (Jackson, J., concurring). An important source of federal common law, especially in a commercial context, is the state law under which the relationships arose. *See id.* at 474, 62 S.Ct. at 687 (Jackson, J., concurring). *Accord United States v. Kimbell Foods,* 440 U.S. 715, 726–27, 729, 99 S.Ct. 1448, 1457–58, 1459, 59 L.Ed.2d 711 (1979). Here, the parties negotiated in Oklahoma for a contract to be performed in Oklahoma, so her law is determinative.

The other two elements of the exceptional circumstances test do not apply here. First, the actions are not *in rem* and do not involve the same property. Rather, the instant action and the cross-petitions in *Midland Properties* involve a contract, albeit a contract relating to property, not property itself. It is of no relevance that the main claims in the state court are to foreclose property and, as such, are *in rem.* Second, the federal court is not inconvenient vis-a-vis the state court. Both sit in Oklahoma City.

### B

In opposition, the plaintiff argues that to dismiss this action will cause, not avoid, piecemeal litigation because it would then have to litigate in state court the cross-petitions in *Midland Properties* as well as its defenses to *Garrison, Berry,* and *Finley.* This argument cannot withstand close analysis. Fundamentally, it appears to be based on the assumption that the pendency of this action will preclude the state court actions. However, this is not so, for 28 U.S.C. § 2283 expressly forbids this Court from staying a state court proceeding except in certain limited circumstances not applicable here. *See* C. Wright, *supra,* § 47. Therefore, instead of having three actions, one of which is near judgment, there would be four actions pending simultaneously. Such a result hardly comports with sound judicial management. The more efficient approach would have been either to adjudicate the cross-petitions in *Midland Properties* and then apply the result to the other three state court cases or simply to consolidate all the state proceedings.

Accordingly, the defendant's motion to dismiss the action should be and hereby is granted. Consequently, the Court need not reach the defendant's motion for summary judgment.