25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PUBLIC SERVICE COMPANY of Oklahoma; Oklahoma Gas & Electric
Company, Plaintiffs-Appellants,
v.
Vernon E. FAULCONER, INC., Defendant-Appellee.
 No. 93-5075.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 ORDER AND JUDGMENT[1]
 ANDERSON
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Public Service Company of Oklahoma and Oklahoma Gas & Electric Company appeal from a decision of the district court that dismissed their declaratory judgment action because a state court action was pending. We exercise jurisdiction under 28 U.S.C. 1291, and reverse.
 
 
 4
 The facts, briefly, are as follows. Vernon E. Faulconer, Inc. (VFI) filed a state contract action against appellants which was dismissed for lack of venue. After the dismissal, appellants filed this declaratory judgment action in federal district court. Then VFI filed an appeal of the state court dismissal and, on VFI's motion, the federal district court dismissed the declaratory judgment action because a suit involving the same issues and parties was pending in state court.[2]
 
 
 5
 The district court followed the reasoning of Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-19 (1976), and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 15-25 (1983), as applied by Heritage Land Co. v. FDIC, 572 F.Supp. 1265, 1267-68 (W.D. Okla.1983). The district court considered, as had the Heritage Land court,
 
 
 6
 "[w]hether the [state and federal] cases [were] in rem and involve[d] the same property, whether there [was] a policy of avoiding piecemeal litigation, which of the concurrent forums first obtained jurisdiction, what law [was] applicable, and whether the federal forum would be inconvenient."
 
 
 7
 Dist. Ct. Order of Dismissal, at 3 (quoting Heritage Land, 572 F.Supp. at 1267). The district court noted that the state court suit was filed prior to the federal suit, and that there was a danger the cases could result in piecemeal litigation. Id. at 2. It concluded, without elaboration, that the balance of the factors listed above weighed in favor of declining jurisdiction over appellants' declaratory judgment action. Id. at 3.
 
 
 8
 The decision to accept or decline jurisdiction of a declaratory judgment action is discretionary. 28 U.S.C. 2201; Horace Mann Ins. Co. v. Johnson ex rel. Johnson, 953 F.2d 575, 576 (10th Cir.1991). However, "if we are to conduct any meaningful review of a district court's exercise of discretion under the Colorado River doctrine, the court must make its findings about the parallel nature of the state and federal proceedings and the balance of the factors on the record." Fox v. Maulding, 16 F.3d 1079, 1082 (10th Cir.1994). Here, the district court explained that it found the state and federal proceedings to involve the same issues and parties and listed the Colorado River factors it considered. It did not, however, indicate what weight it gave to any factor. Therefore, the findings are insufficient for our review and the case must be remanded for further consideration. Id.
 
 
 9
 In addition, this court also determined in Fox that, if a district court withholds jurisdiction over a federal action, the better practice is to stay the federal proceeding pending the outcome of the state proceeding, rather than to dismiss. Id. at 1083. "[A] stay preserves an available federal forum in which to litigate [any] remaining claims, without the plaintiff[s] having to file a new federal action." Id.
 
 
 10
 While this appeal was pending, the Oklahoma Court of Appeals issued a memorandum opinion affirming the dismissal of VFI's state suit, and VFI petitioned for rehearing. Appellants now represent to us that VFI's petition was denied by order filed May 24, 1994. We leave it to the district court on remand to confirm this fact and to accord it the appropriate consequences.
 
 
 11
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Appellants contend no state court action was pending when they commenced this suit, because VFI's action had been dismissed. That dismissal was not then binding or conclusive, however, as the time for appeal had not expired. Cf. Depuy v. Hoeme, 775 P.2d 1339, 1344 (Okla.1989)("[A]fter the expiration of appeal time when no appeal has been taken, a judgment acquires the degree of finality requisite for the application of res judicata doctrine"). VFI subsequently appealed the state court judgment