Jack SHAW, Plaintiff,

v.

Art WILLIAMS, Jr., A.L. Williams & Associates, Inc., A.L. Williams General Agency, Stan Lane, Bob Turley, Lourdes Lane, Paul Larsen, Bob Buisson, Robert Miller, Bob Adams, Art Villas, Chuck Miller, Grant Garcia, Ned Webb, Emanuel McKayre, Defendants.

No. 87 C 2321.

United States District Court, N.D. Illinois, E.D.

Dec. 29, 1987.

Roger A. Bixby, Bixby Lechner Yamaguchi & Prtratz, Chicago, Ill., for plaintiff.

Fred H. Bartlit, Jr., Philip S. Beck, Patrick J. Ahern, Kirkland & Ellis, Chicago, Ill., for defendants Art Williams, A.L. Williams & Associates and others.

Michael K. Murtaugh, William L. Schaller, Baker & McKenzie, Chicago, Ill., for defendants Stan Lane, Lourdes Lane and others.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Jack Shaw filed suit in state court and approximately 21 months later filed this federal action claiming that defendants A.L. Williams & Associates, Inc., and various individuals employed by this corporation, committed acts of fraud. Plaintiff's state claim, filed May 31, 1985, accuses certain defendants of fraud and tortious interference with a contract. His federal claim, filed March 9, 1987, includes six defendants not named as parties in his state suit and alleges that the fraudulent acts described in his state suit constitute a scheme in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Defendants move for dismissal or, in the alternative, for a stay pending resolution of the state court proceedings. For the following reasons we deny the motion to dismiss but grant the motion to stay.

### FACTS [1]

In June 1984 plaintiff was hired as a salesman by A.L. Williams & Associates, Inc. (A.L. Williams), a company selling insurance and financial products on behalf of

---

1. For purposes of this motion to dismiss, we assume the truth of all well-pleaded facts. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

large corporations. From December 1984 to April 1985 several defendants invited employees of A.L. Williams to join the "Future RVP Club," which defendants described as a promotional organization that would help its members reach the position of regional vice-president within a short period of time. To earn their promotions club members were required to recruit new sales personnel. Plaintiff and other employees joined the Future RVP Club on the basis of defendants' promise that, if successful, their recruiting efforts would win them the title Regional Vice–President.

On July 2, 1984, Stan Lane, a regional vice-president, specifically promised plaintiff a position as regional vice-president if plaintiff recruited 94 additional sales employees. Plaintiff claims he earned this promotion in 1985. According to the pleadings, on or about March 8, 1985, several defendants intimidated Future RVP Club members into disbanding the club, after its members had performed recruiting services for A.L. Williams but before they had become regional vice-presidents. Plaintiff asserts that defendants never intended to promote him or other RVP Club members and that their actions constitute part of a fraudulent scheme to obtain the benefits of recruiting work without paying the price that had been promised.

## DISCUSSION

### I. Balancing Test

A stay of federal proceedings due to pending state litigation should be granted, at the district court's discretion, *Illinois Bell Telephone Co. v. Illinois Commerce Commission*, 740 F.2d 566, 569 (7th Cir. 1984) (citing *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983)), when "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" so counsels. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct.

1236, 1246, 47 L.Ed.2d 483 (1976) (quoting *Kerotest Mfg. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). In determining whether a stay or dismissal is appropriate, we weigh our "virtually unflagging obligation" to exercise discretion in this RICO matter, *see Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, against the Seventh Circuit's observation that pursuit of parallel state and federal action may result in "a grand waste of effort by both the courts and the parties." *Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531, 538 (1982). *See also Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir.1979) (deferral of federal action prevents duplication of judicial effort in two separate court systems).

### II. Motion to Dismiss

▮▮▮▮ Defendants argue that plaintiff's federal RICO claim should be dismissed because it is "virtually identical" to plaintiff's state action and adjudication of both would be "unduly burdensome and vexatious and a waste of judicial resources" (Def. Mem. in Support of Mo. to Dismiss at 2). We disagree and note, initially, that no general rule prohibits identical suits from proceeding concurrently in state and federal court. *See McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910); *Microsoftware Computer*, 686 F.2d at 537.

The Supreme Court in *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247, cautioned that "[o]nly the clearest justifications will warrant dismissal." Dismissal may be appropriate where, at a minimum, the same parties and the same claims are raised in a second proceeding. *J.D. Marshall International, Inc. v. Redstart, Inc.*, 656 F.Supp. 830, 835 (N.D.Ill.1987). These threshold requirements are not met here. First, plaintiff's RICO claim names six defendants who are not parties in the state action.[2] Second, plaintiff's RICO allegation comprises a distinct legal claim even

---

**2.** These additional parties are named in the following paragraphs in plaintiff's federal complaint: Paul Larsen, ¶ 9; Art Villas, ¶ 13; Chuck

Miller, ¶ 14; Grant Garcia, ¶ 15; Ned Webb, ¶ 16; Emanuel DeKayre, ¶ 17.

though the facts underlying this claim are the same as those underlying his state action. *Id.* at 836. *See also Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 495, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1983) (RICO violation consists of more than commission of predicate offenses). While the operative facts of the predicate offenses may be before the state court, plaintiff's RICO claim itself is not. Further, it is unclear whether plaintiff could bring his RICO claim in state court. *See Henry v. Farmer City State Bank,* 808 F.2d 1228, 1235–37 (7th Cir.1986). *See also Washington Courte Condominium Assn. v. Washington–Golf Corp.,* 150 Ill.App.3d 681, 690–91, 501 N.E.2d 1290, 1297–98, 103 Ill. Dec. 752, 758–59 (1st Dist.1986) (declining to exercise concurrent state court jurisdiction over RICO claim). Since plaintiff's RICO claim extends beyond the parameters of his state fraud and contract action, and plaintiff may find no other forum for his RICO claim, we deny defendant's motion to dismiss.

### III. Motion to Stay

■ While the Supreme Court noted in *Moses,* 460 U.S. at 28, 103 S.Ct. at 943, that a decision to stay a federal action "is as much a refusal to exercise federal jurisdiction as a dismissal," other decisions have distinguished between these two courses of action. *See Will v. Calvert,* 437 U.S. 655, 664–65, 98 S.Ct. 2552, 2558–59, 57 L.Ed.2d 504 (1978); *Calvert Fire Insurance,* 600 F.2d at 1234–35 & n. 15 (citing additional authority in accord). The Seventh Court of Appeals has recognized the distinction in its observation that "[a]s a general practice, federal courts should stay rather than dismiss actions when they decline to proceed on the merits because of the pendency of a related state court proceeding." *Ohio River Co. v. Carrillo,* 754 F.2d 236, 238 (7th Cir.1985). *See also Evans Transportation Co. v. Scullin Steel Co.,* 693 F.2d 715, 717 (7th Cir.1982) (even when abstension justified, federal suits should be stayed rather than dismissed). For the following reasons we hold that, in contrast to dismissal, a stay is appropriate here.

Plaintiff chose to sue defendants in state court approximately two years before he sought a federal forum. The fact that the state court obtained jurisdiction so long before plaintiff brought suit in federal court weighs in favor of abstension.[3]

The allegations that form the bases of both plaintiff's state court and federal actions rest upon grounds traditionally within the ambit of state court expertise—Illinois contract law and common law fraud. Further, staying this action will not leave the resolution of federal issues to the state court. This court has already observed that plaintiff's RICO claim itself may not receive a hearing in state court. However, once the state court has ruled on plaintiff's contract and fraud claims, principles of *res judicata* may operate to simplify or eliminate the need for any further proceedings in federal court. *See Lumen Construction, Inc. v. Brant Construction Co.,* 780 F.2d 691, 695 (7th Cir.1985). *See also Calvert,* 600 F.2d at 1236 (stay appropriate because "decision on the state law issues favorable to the federal claimant may obviate the need for a federal decision and even if the federal plaintiff still desires to pursue his federal action after conclusion of the state court suit, state court findings of fact on state causes of action paralleling the federal cause of action may be entitled to collateral estoppel effects in a subsequent federal suit"). A stay will not prejudice plaintiff by depriving him of a federal forum for his RICO claim, *cf. Rudell v. Comprehensive Accounting Corp.,* 802 F.2d 926, 931 (7th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1351, 94 L.Ed.2d 521 (1987) (party failing to raise fraud defense in prior proceeding foreclosed from

---

**3.** The Supreme Court has instructed that lower courts should not simply look at the dates on which the state and federal actions were filed, but, rather, should inquire as to the relative progress of the two suits. *Moses,* 460 U.S. at 21, 103 S.Ct. at 939. Plaintiff argues for the first time in his reply memorandum that because the state court litigation has not progressed substantially, we should not stay the federal action. However no one factor controls our decision to stay, *see Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1247, and this factor alone does not tip the balance decisively against abstension.

bringing later RICO claim based on previously unmentioned allegations of fraud), and resolution by the state court of plaintiff's fraud and contract claims may benefit the courts and the parties by limiting or avoiding further action in federal court. Since there exists a substantial likelihood that the state court litigation, when combined with any necessary determination by this court of the preclusive effects of the state court judgment, will dispose of the claims presented in plaintiff's federal case, a stay will promote the interest of avoiding piecemeal litigation, *see Lumen*, 780 F.2d at 698, and we grant defendants' motion to stay plaintiff's RICO action.