**AMERICAN DISPOSAL SERVICES, INC., Plaintiff–Appellant,**

v.

**John R. O'BRIEN, Commissioner of Public Works of the City of Stamford, and Paul Pacter, Commissioner of Finance of the City of Stamford, Defendants–Appellees.**

No. 413, Docket 87–7790.

United States Court of Appeals, Second Circuit.

Argued Oct. 14, 1987.

Decided Feb. 9, 1988.

Conn., of counsel), for defendants-appellees.

Before KEARSE, PIERCE, and PRATT, Circuit Judges.

PIERCE, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the District of Connecticut, T.F. Gilroy Daly, Chief Judge, dismissing plaintiff's civil rights complaint, brought pursuant to 42 U.S.C. § 1983, on prudential grounds in light of ongoing parallel state court proceedings. We agree that dismissal was appropriate in this case.

## BACKGROUND

American Disposal Services, Inc. ("ADS") is a private garbage removal service licensed and operating in various Connecticut communities, including the City of Stamford ("Stamford" or the "City"). Stamford maintains a garbage incinerator and landfill for the disposal of trash generated within the City. Local Stamford ordinances provide that only Stamford refuse may be dumped at the incinerator and landfill, and provide that violations are punishable by a fine and, in the case of licensed cartage companies such as ADS, by the suspension or revocation of the violator's dumping license. Stamford, Conn.Code of Ordinances §§ 137–11 to –14.

In July 1986, John O'Brien, Stamford's Commissioner of Public Works and the official charged with the enforcement of local garbage disposal ordinances, conducted an administrative hearing at which ADS was charged with unlawful dumping of refuse brought into the City from adjacent communities. Thereafter, Commissioner O'Brien wrote a letter to ADS apprising it of his conclusion that ADS had violated the ordinances, suspending ADS's dumping license for one year with respect to all of its trucks, and imposing a fine of $100.

In August 1986, ADS filed suit in the Superior Court of Connecticut at Stamford challenging the hearing and the license revocation on grounds of selective prosecution, bias, and denial of procedural due process.

Andrew B. Bowman, Westport, Conn., for plaintiff-appellant.

Mary E. Sommer, Corp. Counsel of the City of Stamford, Stamford, Conn. (James V. Minor, Asst. Corp. Counsel, Stamford,

Following five days of evidentiary hearings, Judge Robert A. Fuller of the Superior Court filed a 35–page opinion in November 1986 granting a preliminary injunction against enforcement of Commissioner O'Brien's order. Judge Fuller found that the admission of untrustworthy hearsay evidence, over repeated objections from ADS's counsel and notwithstanding the availability of witnesses to give live testimony, constituted a denial of procedural due process and of the right to confront witnesses under Connecticut law. He further ruled that ADS had been denied due process because Commissioner O'Brien had been improperly influenced by materials that he had read prior to conducting the hearing which were not introduced into evidence at the hearing itself. Because these defects were sufficient to invalidate Commissioner O'Brien's order, Judge Fuller did not address the charges of selective prosecution and bias.

In January 1987, a second hearing on the same charges was held before Paul Pacter, Stamford's Finance Commissioner, who had been asked to serve as hearing officer because of Judge Fuller's ruling that Commissioner O'Brien was not a neutral factfinder. Although ADS was given notice of this second hearing, it did not appear, apparently because it believed that Judge Fuller's injunction barred the City from taking any further action against it with respect to the charges of illegal dumping. At this second hearing, evidence was adduced that ADS had indeed committed the violations charged; its license was again ordered revoked and it was fined the sum of $12,600.

Again, ADS sought emergency relief from the Connecticut courts, but Superior Court Judge Martin Nigro refused to issue a temporary restraining order because he found that nothing in Judge Fuller's decision and order of injunction barred the City from conducting the second hearing. ADS, dissatisfied with this response, thereupon filed this § 1983 action in the United States District Court for the District of Connecticut on March 13, 1987, seeking injunctive, declaratory and monetary relief. Judge Daly issued a temporary restraining order and referred ADS's request for a preliminary injunction to a United States magistrate. The City moved for dismissal or abstention. The magistrate heard oral argument on the motions, continued the temporary restraining order, and instructed the parties to seek clarification from Judge Fuller of the Superior Court on the intended scope of his ruling. In response to the motion for clarification, Judge Fuller issued an opinion dated April 27, 1987, in which he stated that the injunction applied only to the first hearing and did not bar the City from conducting the second hearing.

In May 1987, Stamford renewed its motion before the federal magistrate seeking dismissal or abstention vis-a-vis the § 1983 action; in June 1987, the magistrate issued a report recommending, as we read it, that the motion be granted in part and that the court abstain from deciding ADS's claim for the reasons set forth in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). He further recommended that the federal action be stayed pending a final resolution of the state court proceedings. Judge Daly issued an order in September 1987 which adopted the magistrate's report and recommendation, while characterizing the federal suit as an improper attempt to appeal from a state court decision. The court further ordered that the action be dismissed rather than merely stayed, and this appeal followed.

## DISCUSSION

The City urges us to find that abstention was proper and that dismissal was warranted under the rule of *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Additionally, it contends that the district court lacked subject matter jurisdiction in any event because the § 1983 action actually constituted an attempt to challenge a state court decision on grounds of constitutional error in violation of the *Rooker–Feldman* doctrine. *See District of Columbia Court*

of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see also Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1137, 1141–45 (2d Cir.1986), *rev'd on other grounds*, —— U.S. ——, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

The basis for the district court's order of dismissal is not entirely clear. The magistrate's recommendation, which the court adopted, was grounded in the discretionary rule of *Colorado River;* yet the district court's discussion indicates that its decision to dismiss was also influenced by its perception that the federal suit was "in substance an appeal of the state court judgment." Since we find that the court did not abuse its discretion in dismissing the action pursuant to *Colorado River*, we do not decide whether the case could also have been properly construed as an attempt to seek federal court review of a state court judgment, and whether it therefore should also have been dismissed under the *Rooker–Feldman* doctrine.

■ As a general rule, federal courts are obliged to adjudicate claims that are properly presented and that are within their subject matter jurisdiction. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. There are certain limited exceptions to this rule, however, that permit a court to abstain from adjudicating a claim. It may do so only if it can thereby (1) avoid deciding an issue of federal constitutional law by allowing a state court to resolve an issue of state law, *see Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); (2) avoid interfering with the conduct of ongoing state court proceedings, *see Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Pennzoil Co. v. Texaco Inc.*, —— U.S. ——, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); or (3) avoid resolving difficult state law issues involving important public policies or avoid interfering with state efforts to maintain a coherent policy in an area of comprehensive regulation or administration, *see Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *See generally*

*Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62 n. 3 (2d Cir. 1986); *Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 360–61 (2d Cir.1985).

■ Even where none of these recognized abstention doctrines applies, another basis may yet exist for a court to avoid adjudicating the dispute. In "exceptional circumstances," and in deference to parallel state court proceedings, the court may decline to exercise jurisdiction over a properly presented federal claim in order to further the interests of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Corp.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). However, the existence of concurrent federal and state proceedings regarding the same subject matter is not by itself sufficient to justify dismissal under *Colorado River. Id.* (citing *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910)). Rather, the court must consider a number of factors before it may exercise its discretionary power. As enumerated by the Supreme Court, these considerations are: the assumption by either the state or federal court of jurisdiction over any res or property, the inconvenience of the federal forum, the avoidance of piecemeal litigation, the order in which jurisdiction was obtained, whether federal or state law provides the rule of decision, and whether the state court proceeding will adequately protect the rights of the party seeking to avail itself of federal court jurisdiction. *Moses H. Cone*, 460 U.S. at 15–16, 23–27, 103 S.Ct. at 936–37, 941–43; *see Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir.1986); *Telesco v. Telesco Fuel*, 765 F.2d at 361–62. Like most other determinations that a district court must make by applying pertinent legal standards to the facts of the case, the decision will be reviewed only for an abuse of discretion. *Law Enforcement Ins. Co. v. Corcoran*, 807 F.2d 38, 40 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1896,

95 L.Ed.2d 503 (1987); *Bethlehem Contracting Co.*, 800 F.2d at 327.

The magistrate's report adopted by the district court correctly balanced the factors and found that discretionary abstention was warranted under the circumstances of this case. It concluded:

> While federal law naturally supplies the rule of decision for plaintiff's due process contentions, constitutional rights can be adequately vindicated in the Connecticut courts, as plaintiff recognized in first bringing his [sic] civil rights claim before the state court. The far earlier initiation of state court suit, the significant involvement of state judges in substantial development of that case, and plaintiff's abrupt search late in the day for an unnecessary second forum are critical factors. What has essentially happened is that on having suffered its first adverse interlocutory ruling, plaintiff suddenly proposes to neglect its own chosen state forum to start over in a wholly different court system.... In the specific circumstances presented, federal court exercise of jurisdiction would seem inappropriate at this time, improvident, uneconomical, and intrusive.

■ While it is true that federal law provides the rule of decision for ADS's § 1983 claim, it is also noteworthy that ADS has previously obtained relief in this matter from the state courts under *state* law. Additionally, there are no issues in the federal claim that are not also present in the state court proceedings. *See Telesco v. Telesco Fuel*, 765 F.2d at 362-63; *cf. Deakins v. Monaghan*, — U.S. —, —, 108 S.Ct. 523, 530, 98 L.Ed.2d 529 (1988). Perhaps of greatest significance, however, is the fact that the state court has already conducted five days of factual hearings into the subject matter underlying these parallel actions, has received extensive briefing on the issues involved, has heard oral arguments, and has rendered interlocutory orders addressing the merits of the underlying claims. By contrast, the federal court proceedings barely have addressed the underlying claims, and have instead concentrated on the propriety of bringing suit in federal court at all. As in *Telesco Fuel*, this is a case involving a plaintiff who, having failed to obtain the desired relief in its home state forum of choice, brings a second proceeding in order to try again. And as in *Telesco Fuel*, we find that this case presents precisely the type of "exceptional circumstances" for which the rule of *Colorado River* and *Moses H. Cone* was designed. Consequently, we conclude that the district court did not abuse its discretion in dismissing the claim and remitting the litigants to state court to resolve their dispute.

The judgment of the district court is affirmed.