**JONATHAN CLUB, a California corporation, Plaintiff,**

v.

**CITY OF LOS ANGELES, a municipal corporation, Defendant.**

**No. 88–00068–JWC.**

United States District Court, C.D. California.

March 1, 1988.

As Corrected March 10, 1988.

---

John R. Shiner and Stephanie Berrington McNutt of MacDonald, Halsted & Laybourne, Los Angeles, Cal., for plaintiff.

James K. Hahn, City Atty., Lewis N. Unger, Sr. Asst. City Atty. and Annette Keller, Asst. City Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT.

CURTIS, District Judge.

### INTRODUCTION

This matter comes before the court on the City's Motion To Dismiss or, in the Alternative, for Summary Judgment based upon the abstention doctrine as announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In its opposition to the motion, the Jonathan Club requests that the court stay any determination of the motion pending the resolution of *New York State Club Association, Inc. v. The City of New York, etc., et. al.*, 86–1836, currently pending before the United States Supreme Court. For reasons set forth more fully below, the court has concluded that since it does not appear that the "interests of judicial economy and fairness" would be served by a stay of the present motion, the Jonathan Club's request for such a stay is denied. The court further holds the *Younger* abstention doctrine is inapplicable to the present case and, therefore, the City's motion is denied.

### FACTS

The Jonathan Club (Club) is a private nonprofit, tax-exempt social club located within the City of Los Angeles. On January 6, 1988, the Club filed in this court a complaint for declaratory and injunctive relief. Within twenty-four hours, the City of Los Angeles (City) brought suit in state superior court seeking to enforce against the Club Los Angeles Municipal Code 45.-95.02 and the Unruh Civil Rights Act, California Civil Code, section 51 *et seq.*

Los Angeles Ordinance No. 162,426, entitled "Prohibition By Clubs Or Organizations Which Are Not Distinctly Private," makes it unlawful "for a club which is not distinctly private to deny any person entry to facilities at, membership in, or the full enjoyment of said club or organization on the basis of sex, race, color, religion, ancestry, national origin, sexual orientation, or

disability." Section 45.95.02. The ordinance defines clubs that are not "distinctly private" as satisfying the following requirements:

1. Has membership of whatever kind totalling 400 or more; and

2. Provides regular meal service by providing either directly or indirectly under a contract with another person, any meals on three or more days per week during two or more weeks per month during six or more months per year, and

3. Regularly accepts payments:

(a) from non-members for expenses incurred at the club by members or non-members in the furtherance of trade or business; or

(b) on behalf of non-members for expenses incurred at the club by non-members in the furtherance of trade or business.

LAMC 45.95.01.

On January 7, 1988, the City filed an action in state court alleging that the Club is not "distinctly private" within the meaning of LAMC 45.95.01, and that it has engaged in a pattern of discrimination by denying female members and guests the full and equal enjoyment of facilities at the club on the basis of sex. Women are apparently barred from the Club's second floor dining room and bar facilities. The pleadings do not state the number of members in the Club or any other facts relating to the applicability of the ordinance, but the Club asserts that no member of the club has registered any complaint.

On January 6, 1988, the Jonathan Club, knowing that the City would file suit the next day, filed in federal court its complaint for declaratory and injunctive relief. The Club seeks a determination that the ordinance is unconstitutional under the United States Constitution. The Club also alleges that there was no evidence that the Club is not distinctly private, and that the Ordinance is preempted by the Unruh Act and existing federal law. Finally, the Club seeks injunctive relief against the City to prevent it from taking any action to enforce the ordinance pending the outcome of the presently pending United States Su-

preme Court case, *New York State Club Association, Inc. v. The City of New York, etc., et. al.,* 86-1836, which involves a similar anti-discrimination ordinance in the state of New York.

In the present motion, the City seeks dismissal of the Club's complaint pursuant to Fed.R.Civ.Proc. 12(b)(6) based upon the "abstention doctrine," as enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 476, 27 L.Ed.2d 669 (1971). In the alternative, the City asks that the motion be treated as one for summary judgment and that the court find, as a matter of law, that there exists no triable issue of fact as to abstention.

## JONATHAN CLUB REQUEST FOR STAY OF ABSTENTION MOTION

 In its Opposition to the City's Motion To Dismiss, the Jonathan Club urges the court to stay its decision on this abstention motion pending resolution of *New York State Club Association v. City of New York,* No. 86-1836, currently before the United States Supreme Court. It does not appear, however, that such relief is warranted. Although the New York case appears to involve similar issues, we have no reason to believe that the resolution of that case will be of any assistance in resolving the present motion. Absent any showing that the "interests of judicial economy and fairness" would otherwise be served, a stay is unwarranted. *See Landis v. North America Company,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The court also believes that the parties have a right to know, at this time, what to expect in the way of future proceedings from this court.

Therefore, the request of the Jonathan Club that the present motion be stayed is DENIED, and we proceed to a consideration of the abstention issue.

## MOTION TO DISMISS UNDER ABSTENTION DOCTRINE

Abstention in the federal courts has taken many forms, but it has been consistently stated that abstention from the exercise of federal jurisdiction is the exception, not the

rule. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976).

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.

*Id.* at 813, 96 S.Ct. at 1244 (quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–9, 79 S.Ct. 1060, 1063, 3 L.Ed. 2d 1163 (1959)). As between state and federal courts, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...." *Id.* at 817, 96 S.Ct. at 1246 (quoting *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910)). In fact, it was "never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a state court could entertain it." *Alabama Pub. Serv. Comm'n v. Southern Railroad Co.,* 341 U.S. 341, 361, 71 S.Ct. 762, 774, 95 L.Ed. 1002 (1951). Indeed, the Supreme Court has held that federal courts have "the virtually unflagging obligation" to exercise the jurisdiction given them. *Colorado River* 424 U.S. at 817, 96 S.Ct. at 1246.

Notwithstanding the policy in favor of federal courts exercising jurisdiction, it has been recognized that there are circumstances wherein it may be appropriate for a federal court to defer to a pending state court proceeding. One such circumstance is addressed in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger,* the Supreme Court held that "abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Colorado River, supra* 424 U.S. at 816, 96 S.Ct. at

1245. *Younger*'s result was justified, in part, by the Court's considerations of comity and "a proper respect for state functions." *Younger,* 401 U.S. at 44, 91 S.Ct. at 750.

> The concept does not mean blind deference to "States' Rights" any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of States.

*Id.* at 44, 91 S.Ct. at 750–51.

Although *Younger* dealt with an injunction against a state *criminal* proceeding, it has since been recognized that the concern for comity and federalism is equally applicable to certain *civil* proceedings in which important state interests are implicated. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (administrative civil rights proceeding); *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (state bar disciplinary hearing); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed. 2d 482 (1975) (state nuisance action); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (civil contempt proceeding); *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (state welfare proceeding); *Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed. 2d 994 (1979) (child custody proceeding). Thus, the fact that this is a civil proceeding does not necessarily bar the application of the *Younger* doctrine.

The *Younger* doctrine is properly raised in a motion to dismiss for failure to state a claim upon which relief can be

granted, *Kitchens v. Bowen*, 825 F.2d 1337, 1339 (9th Cir.1987). Where the doctrine is applicable, abstention is required if: (1) there are pending state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *Fresh International Corp. v. Agricultural Labor Relations Board*, 805 F.2d 1353, 1357–8 (9th Cir.1986). When these criteria are met, "a district court must dismiss the federal action ... [and] there is no discretion to grant injunctive relief." *Juidice v. Vail*, 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977); *Fresh, supra* at 1356.

■ These authorities would probably mandate abstention here if the City's characterization of the Club's complaint were correct. *See Ohio Civil Rights Commission, supra*. However, the Club is not seeking a stay of the *state proceedings* as such, but is seeking to enjoin the City from enforcing the ordinance.* Although the City has suggested that the relief sought by the Club is tantamount to an injunction against the state proceedings, the court disagrees. If the Club were attempting to enjoin the State court proceedings, considerations of comity would mandate absention. A request for an injunction against the City's enforcing the ordinance raises no such considerations.

Although *Younger* "and its progeny express a strong federal policy against federal-court interference with *pending state judicial proceedings*, absent extraordinary circumstances," *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) (emphasis added), the *Younger* Court itself specifically distinguished *Younger* from cases where, as here, an injunction is sought against

allegedly unconstitutional state action as distinguished from a state proceeding.

In [*Baggett v. Bullitt*, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964)] and similar cases we enjoined state officials from discharging employees who failed to take certain loyalty oaths. We held that the States were without power to exact the promises involved.... Apart from the fact that any plaintiff discharged for exercising his constitutional right to take the oath would have had no adequate remedy at law, *the relief sought was of course the kind that raises no special problem—an injunction against allegedly unconstitutional state action (discharging the employees) that is not part of a criminal prosecution.*

401 U.S. at 47 n. 4, 91 S.Ct. at 752 n. 4. The relief sought by the Club in this case is essentially the same—injunctive relief against a municipality enforcing an ordinance which the Club believes to be unconstitutional.

The Ninth Circuit has also held that *Younger* applies only to injunctions against state proceedings. In *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534 (9th Cir.1985), the City of Long Beach brought suit in the state court seeking to recover from various oil companies certain funds which the City would have received but for deductions of windfall profits taxes. The oil companies removed the action to federal court where a declaratory relief action filed by the oil companies on the same issue was already pending. The City moved to dismiss the cases based on several grounds, including the *Younger* abstention doctrine. The trial judge dismissed the claims *sua sponte* and remanded the state court action. The ninth circuit reversed holding that:

*Younger* is inapplicable because no state proceedings such as a criminal proceeding are being enjoined. *Younger* only bars federal intervention in state pro-

---

* At oral argument, the Jonathan Club stated that its intention was not to seek injunctive relief which would in any way interfere with the pending state court proceeding, or prevent the City from proceeding in state court. Rather, the Club seeks injunctive relief only against the City of Los Angeles to prevent its enforcement of the ordinance against the Club.

ceedings involving "important state interests" that are "vital to the operation of state government." *Miofsky v. Superior Court,* 703 F.2d 332, 337 (9th Cir. 1983). ... Indeed, no attempt to enjoin the state proceeding was ever undertaken, a crucial factor in *Younger.* As the Supreme Court has stated, *Younger*'s "principles of comity and federalism do not require that a federal court abandon jurisdiction it has properly acquired simply because a similar suit is later filed in a state court." *Town of Lockport v. Citizens for Community Action at the Local Level,* 430 U.S. 259 [97 S.Ct. 1047, 51 L.Ed.2d 313] (1977).

We see nothing invidious about a plaintiff filing suit in federal court before his opponent files a similar suit in state court.

*Id.* at 542.

It is true that the Supreme Court has expanded the reach of the *Younger* doctrine to other types of *proceedings,* each of which "bore similarities to criminal proceedings or otherwise implicated state interests vital to the operation of state government." *Miofsky v. Superior Court of State of California,* 703 F.2d 332, 337 (9th Cir.1983). However, no case cited by the City suggests that the *Younger* abstention doctrine is applicable to anything other than an injunction against a state proceeding.

In all the cases brought to our attention where abstention was required, an injunction of some governmental proceeding was involved. In *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 2720, 91 L.Ed. 2d 512 (1986), an injunction was sought against a pending state administrative proceeding. In *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed. 2d 116 (1982), an injunction was sought against a state bar disciplinary proceeding. *See Garden State Bar Association v. Middlesex County Ethics Committee,* 643 F.2d 119, 121 (3rd Cir.1981). In *Fresh Interna-*

*tional Corp. v. Agricultural Labor Relations Board,* 805 F.2d 1353, 1355 (9th Cir. 1986), an injunction was sought to enjoin proceedings before a state administrative law judge for the Agricultural Labor Relations Board. In *World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079 (9th Cir.1987), a nightclub went to federal court seeking to invalidate the state court's order denying it an entertainment permit. Plaintiffs used the federal court, in effect, as an appellate tribunal, and ultimately sought an order granting the permit, which would have rendered the judgment of the state court "nugatory." *See Pennzoil Co. v. Texaco, Inc.,* — U.S. ——, 107 S.Ct. 1519, 1527, 95 L.Ed.2d 1 (1987). In *Kitchens v. Bowen,* 825 F.2d 1337 (9th Cir.1987), an injunction was sought to directly enjoin all state enforcement agencies, including the Oregon Department of Justice, from attempting to establish the paternity of the plaintiffs in a state action to collect delinquent child support obligations.

■ In the present case, since the Club has only asked this court to enjoin the enforcement of the allegedly unconstitutional ordinance by the City and has not sought to enjoin the state proceeding itself, *Younger v. Harris* has no application, and the City is free to proceed in the state court.

For these reasons, the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment based upon the abstention doctrine as enunciated by *Younger v. Harris,* is DENIED.