## McCLELLAN *v.* CARLAND, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF SOUTH DAKOTA.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 630.   Argued January 25, 26, 1910.—Decided April 11, 1910.

The power of this court to issue writs of certiorari to the Circuit Court of Appeals is not limited to the provisions of the Court of Appeals Act. It may issue them under § 716, Rev. Stat. *In re Chetwood,* 165 U. S. 443; *Whitney* v. *Dick,* 202 U. S. 132.

Under § 716, Rev. Stat., and §·12 of the Court of Appeals Act the Circuit Court of Appeals has authority to issue writs of *scire facias* and all writs not specifically provided for by statute and necessary for the exercise of the court's jurisdiction, and agreeable to the usages and principles of law.

Where a case is within the appellate jurisdiction of the higher court a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below; and so held that the Circuit Court of Appeals may issue mandamus to compel the Circuit Court to vacate a stay pending proceedings in the state court to determine and thus render *res judicata* questions within the jurisdiction of the Circuit Court, and involved in the action in which the stay was granted.

The constitutional grant of chancery jurisdiction to Federal Courts in cases where diverse citizenship exists, to determine interests in estates, is the same as that possessed by the Chancery Courts of England and it cannot be impaired by subsequent state legislation creating courts of probate. *Waterman* v. *Canal-Louisiana Bank*, 215 U. S. 33.

A Federal court cannot abandon its jurisdiction already properly obtained of a suit and turn the matter over for adjudication to the state court. *Chicot County* v. *Sherwood*, 148 U. S. 529.

The pendency of a suit in the state court is no bar to proceedings concerning the same matter in a Federal court having jurisdiction thereover.

The judgment in a suit between claimants of an estate and the administrator does not conclude the rights of the State claiming an escheat so long as it is not a party and has not been allowed to intervene on its own behalf.

On certiorari this court will consider only the record in the Circuit Court of Appeals as certified here in return to the writ, and it decides the case solely as presented in such return.

In this case *held* that the Circuit Court of Appeals should have issued an alternative writ of mandamus to, or order to show cause why, the Circuit Judge should not vacate a stay in an action brought against an administrator by one claiming to be an heir while and until proceedings brought by the State for escheat in the state court should be finally determined.

THE facts are stated in the opinion.

*Mr. Melvin Grigsby* for petitioners:

The Circuit Court cannot rightfully stay proceedings of an action there pending to await the commencement and determination of another action in a state court. *Barber Asphalt Co.* v. *Judge Morris*, 132 Fed. Rep. 945, citing *In-*

*surance Co.* v. *Harris,* 97 U. S. 331, 336; and see *Harkrader* v. *Wadly,* 172 U. S. 150; *Smyth* v. *Ames,* 169 U. S. 466; *Lang* v. *Choctaw & Gulf R. R. Co.,* 160 Fed. Rep. 359; *Sullivan* v. *Algrem,* 160 Fed. Rep. 366; *Gordon* v. *Logest,* 16 Pet. 97; *In re Langford,* 57 Fed. Rep. 570.

The writ of mandamus from the Circuit Court of Appeals was the proper and only available remedy for the correction of the error made by the Circuit Court in staying proceedings in that court. *Barber Asphalt Paving Company* v. *Morris, supra.*

The Circuit Court could not properly stay proceedings on the ground that it was necessary for the protection of the State of South Dakota, the State having appeared in that court claiming to be an interested party.

The opinion below is based on the theory that the Circuit Court could not proceed without making the State a party, and that to make the State a party would oust the jurisdiction of the court under the Eleventh Amendment, and that *Minnesota* v. *The Northern Securities Co.,* 184 U. S. 200; *California* v. *Southern Pacific Company,* 157 U. S. 229, controlled, relying on cases cited. *Shields* v. *Barrow,* 17 How. 130; *Hipp* v. *Babin,* 19 How. 271, 278; *Parker* v. *Winnipiseogee Woolen Co.,* 2 Black, 545; but in these cases this court held that the complaints disclosed that the relief could not be granted as prayed for without affecting the rights of others not parties to the suits.

In the case at bar it does not appear that the State or any party, except only the petitioners and the defendant, had any interest whatever in the subject-matter of the suit, unless it can be claimed that in every case wherein heirs seek to establish title to the property of a decedent the State is a necessary party, and can claim the right of intervention on the ground that the property of all decedents escheats to the State in default of legitimate heirs.

The State of South Dakota petitioned the Circuit Court for leave to intervene, claiming to be the owner of the prop-

erty in question, because the same had escheated to the State, making a case almost exactly in line with *United States* v. *Judge Peters*, 5 Cranch, 115; and see *South Carolina* v. *Wesley*, 155 U. S. 543, almost identical in principle with the case here presented, and in which, although it appeared that the property was in possession of and belonged to the State, the Circuit Court overruled the motion to dismiss, and was sustained by this court, citing *United States* v. *Peters*, 5 Cranch, 115, *supra; The Exchange* v. *McFadden*, 7 Cranch, 116; *Osborn* v. *Bank*, 9 Wheat. 738; *United States* v. *Lee*, 106 U. S. 196; *Stanley* v. *Schwalby*, 147 U. S. 508; see also *Tindal* v. *Wesley*, 167 U. S. 203, 206.

· The same doctrine was laid down in *United States* v. *Lee*, 106 U. S. 196, 251; *Carr* v. *United States*, 98 U. S. 433; in which it was held that judgment against a defendant who claimed title under the United States could be set up by way of estoppel in an action brought by the United States to quiet title to the same land, was no estoppel, even though in the former action the United States district attorney for the district, and other counsel employed by the Secretary of the Treasury, attended at the trial on behalf of the defendant.

The Circuit Court had jurisdiction of the suit of *John McClellan* v. *Blackman*, as administrator; *Payne* v. *Hook*, 7 Wall. 425; *Byers* v. *McAuley*, 149 U. S. 608, 867; *Ingersoll* v. *Coram*, 211 U. S. 335.

The petitioners will be deprived of their rights under Art. III, § 2 of the Constitution of the United States unless the order of the Circuit Court of Appeals shall by this honorable court be reversed.

*Mr. Frederic D. McKenney*, with whom *Mr. S. W. Clark*, Attorney General of South Dakota, and *U. S. G. Cherry* were on the brief, presented a statement and suggestions on behalf of John E. Carland, United States District Judge for the District of South Dakota:

The statutory writ of certiorari under the provisions of

the act of March 3, 1891, is not available, nor is § 716, Rev. Stat.

The writ of mandamus in the Federal courts is never an independent suit, as it is in many States and in England. The courts of the United States have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus. Their authority in this regard is limited to the issuance of writs of mandamus in aid of their appellate jurisdiction. and in such cases as are already pending and wherein jurisdiction has been obtained on other grounds and by other process. *McClung* v. *Silliman*, 6 Wheat. 601; *McIntire* v. *Wood*, 7 Cr. 504; *Kendall* v. *United States*, 12 Pet. 524; *Riggs* v. *Johnson County*, 6 Wall. 166, 197, 198; *Secretary* v. *McGarrahan*, 9 Wall. 311; *Bath County* v. *Amy*, 13 Wall. 244; *Graham* v. *Norton*, 15 Wall. 427; *Greene County* v. *Daniel*, 102 U. S. 187; *Davenport* v. *Dodge County*, 105 U. S. 237; *Smith* v. *Bourbon County*, 127 U. S. 105; *United States* v. *Williams*, 67 Fed. Rep. 384; *United States* v. *Judges*, 85 Fed. Rep. 179; *In re Forsyth*, 78 Fed. Rep. 301; *Waite* v. *Santa Cruz*, 89 Fed. Rep. 619; *Shepard* v. *Irrigation Dist.*, 94 Fed. Rep. 3; *Rosenbaum* v. *Supervisors*, 28 Fed. Rep. 223.

If the Circuit Courts of Appeals have the power to issue writs of mandamus at all, that power is derived from the provisions of § 716, Rev. Stat., as read into the Circuit Court of Appeals Act by § 12, such writ can issue only in aid of their appellate jurisdiction, and in the exercise of their discretionary authority. *Barber Asphalt Paving Co.* v. *Morris*, 132 Fed. Rep. 945; *In re Pacquet*, 114 Fed. Rep. 437; *Travers Co.* v. *Bridge Co.*, 92 Fed. Rep. 690; *United States* v. *Severens*, 71 Fed. Rep. 768.

But if the case here should be retained on the writ of certiorari under § 6 of the act of 1891, no order purporting to direct or control the conduct of District Judge Carland in the future course of the cause could well be issued without said District Judge first being accorded an opportunity to show cause in the premises.

. The record shows that petitioners invoked the jurisdiction of the proper state courts to determine the very matter, namely, the question of his and their relationship to John McClellan, deceased. Under § 80, Probate Code of South Dakota, "administration of the estate of a person dying intestate must be granted to some one or more of the persons herein mentioned."

The refusal of the county court to appoint any of the petitioners administrator carries with it, at least by necessary implication, the finding that none of said petitioners was either the son or grandson of the intestate as alleged.

Where the order or judgment of a state court in proceedings for administration depends upon the question as to whether the party claiming the right to administer such estate is next of kin or heir at law of the intestate, such order or judgment is conclusive upon that question until vacated or reversed in any and all subsequent suits or proceedings, whether in the state or Federal courts. Such order or judgment until vacated or reversed is pleadable in bar and as *res adjudicata* in such subsequent proceedings. *Caujolle* v. *Curtis*, 13 Wall. 465; *Howell* v. *Budd*, 91 California, 342.

Under § 5651, Laws of South Dakota, being § 26, Probate Code, the county court, when acting as a probate court and in respect to probate matters, is a court of general jurisdiction. *Matson* v. *Swenson*, 5 So. Dak. 191; and see Woerner on Administration, 2d. ed., 1234. Matters of administration affecting decedents' estates in the courts of South Dakota are proceedings *in rem*. *Byers* v. *McAuley*, 149 U. S. 608; *O'Callaghan* v. *O'Brien*, 199 U. S. 89; *Hook* v. *Payne*, 14 Wall. 253.

In South Dakota no right of action exists in favor of an heir, devisee or legatee to recover his portion or share of an estate, against an administrator, independent of a proceeding either direct or ancillary in probate. A suit *inter partes* between the administrator and the heir, devisee or legatee is not provided for. Final distribution must be made in the

probate court before the person entitled to the estate can recover it.

In South Dakota the order or decree of the probate court must name the persons and the proportions or parts to which each is entitled before any right of action accrues in favor of any person to recover from an administrator. The final order and decree is conclusive and can only be reversed, set aside, or modified on an appeal. *Carrau* v. *O'Calligan*, 125 Fed. Rep. 657; *Richardson* v. *Green*, 61 Fed. Rep. 423; *Waterman* v. *Canal-Louisiana Bank*, 215 U. S. 33.

The application of the State to intervene in the Federal court was proper. *Gumbel* v. *Pitkin*, 124 U. S. 143; *Krippendorf* v. *Hyde*, 110 U. S. 276, 283; *State of Florida* v. *Georgia*, 17 How. 478; *Paradise* v. *Farmers' & Mechanics' Bank*, 5 La. Ann. 710.

The bill of complainant as drawn, considered in the light of the scope of its prayers, is clearly beyond the jurisdictional powers of the Circuit Court. *Waterman* v. *Canal-Louisiana &c.*, 215 U. S. 33.

In either event, and as well for the want of an indispensable party—the State of South Dakota, as above noted—the Circuit Court of the United States for the District of South Dakota is without jurisdiction to proceed with the cause otherwise than by dismissing the bill of complaint for want of jurisdiction.

MR. JUSTICE DAY delivered the opinion of the court.

This case comes here upon a writ of certiorari to the Circuit Court of Appeals for the Eighth Circuit. In that court McClellan and others, petitioners, filed a petition for a writ of mandamus against the United States District Judge for the District of South Dakota, praying a writ of mandamus to said judge, sitting as a judge of the Circuit Court of said district, commanding him to set aside and vacate certain orders staying proceedings in an action pending in the Cir-

cuit Court, and to proceed to try and determine the suit in the usual course of procedure, without regard to the pendency of certain proceedings, to be hereinafter referred to, in the courts of the State of South Dakota. The Circuit Court of Appeals upon the petition for a writ of mandamus being presented to it denied the prayer thereof and dismissed it. Thereafter this court granted the writ of certiorari.

From the transcript of the record of the case in the Circuit Court of Appeals it appears that petitioner and others, on the eighth day of September, 1908, commenced suit against George T. Blackman, special administrator of the estate of John C. McClellan, deceased, and others, in the Circuit Court of the United States for the District of South Dakota, in which suit complainants were citizens of States other than South Dakota, and respondent, George T. Blackman, a citizen of South Dakota, was sued as special administrator of the estate of John C. McClellan, deceased. The bill set up that complainants were the sole surviving heirs at law and next of kin of John C. McClellan, deceased, who died on or about the thirty-first of August, 1899, intestate, in the city of Sioux Falls, county of Minnehaha, South Dakota, leaving an estate of real and personal property of the value of about $33,000. The bill sets out the issuing of letters of administration to one William Van Eps, who held possession of the estate until July 12, 1906, when he died; that subsequently thereto special letters of administration were issued to George T. Blackman, the respondent. The bill further avers that there was in possession of said Blackman, as said special administrator, belonging to said estate, assets in excess of the sum of $35,000, consisting of real estate, cash on hand, etc. The bill avers that there were no claims against the estate, and that all the creditors of John C. McClellan had been paid, and that the estate was ready for distribution according to the laws of South Dakota. The bill further prayed that the complainants might be adjudicated the sole heirs at law and next of kin of said decedent, and entitled to

inherit the estate, real and personal, and that the said Blackman render a just and true account of the property in his hands belonging to said estate, and, after deducting his lawful fees and expenses, be required to distribute the same in certain proportions to the complainants, as heirs at law of the decedent. The defendant Blackman appeared and answered the bill, admitting certain allegations thereof, and denying others, and demanding proof thereof, and stating that he held the property described in the bill of complaint subject to the order of the court. A general replication was filed to the answer, and thereupon it appears that the State of South Dakota came, by its attorney general and its attorney for the county of Minnehaha, and special counsel, and asked leave to intervene in the case, and, upon hearing, the Circuit Court of the United States overruled the motion, and ordered that the further prosecution of the action then pending before it be stayed for the period of ninety days, for the purpose of allowing the State of South Dakota to commence a proper action or proceeding to establish its title and interest in and to the property in the estate of the decedent, and that in the event that such action be commenced within that time, then the pending action to be stayed until the determination of such action brought by the State of South Dakota. Afterwards the complainants filed an application for the vacation of the orders staying the prosecution of their suit until the determination of the suit in the state court, but the same was denied, and thereafter the petition for mandamus in the Circuit Court of Appeals was filed, with the result already stated.

The matters we have stated constitute the entire record before the Circuit Court of Appeals. Upon that record it appears that the Circuit Court of the United States having an action before it to determine the interest of the complainants in the estate of John C. McClellan, upon which issue had been joined, upon application of the State of South Dakota refused to permit it to intervene in the case to set

up its right and title to the property in the estate of the decedent, upon the claim that he died without legal heirs, and stayed the proceedings in the case before it until the State of South Dakota could bring an action in the state court for the purpose of determining such rights; and afterwards, it appearing that the State had commenced such action against all persons having or claiming a right, title, or interest therein, stayed the pending action until the determination of the action in the state court.

It is first objected on behalf of the respondent herein that this is not a case in which this court has the authority to issue the writ of certiorari. It is contended that the application for the writ in this case was under the act of March 3, 1891 c. 517, 26 Stat. 826, and that the right to grant writs of certiorari to the Circuit Court of Appeals is limited by the act to certain cases made final in the Circuit Court of Appeals, and that by § 10 of the Court of Appeals Act it is declared that whenever on appeal, writ of error, or otherwise, a case coming from the Circuit Court of Appeals shall be reviewed and determined in the Supreme Court, it shall be remanded to the proper District or Circuit Court for further proceedings in pursuance of such determination.

These provisions, it is contended, show that a writ of certiorari is not warranted in this case, it being an original application in mandamus in the Court of Appeals, and the jurisdiction in the Circuit Court not depending upon the opposite parties to the suit being citizens of different States, and, therefore, the judgment not final in the Circuit Court of Appeals, nor could the case be remanded to the proper District or Circuit Court, as it was an original proceeding in mandamus in the Circuit Court of Appeals. But the power of this court to issue writs of certiorari is not limited to the Court of Appeals Act. Section 716 of the Revised Statutes of the United States provides:

"The Supreme Court and the Circuit and District Courts shall have power to issue writs of *scire facias*. They shall

also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

Of this section it was said in *In re Chetwood*, 165 U. S. 443, 461:

"By section 14 of the Judiciary Act of September 24, 1789, c. 20, 1 Stat. 81, carried forward as section 716 of the Revised Statutes, this court and the Circuit and District Courts of the United States were empowered by Congress to issue all writs, not specifically provided for by statute, which may be agreeable to the usages and principles of law; and, under this provision, we can undoubtedly issue writs of certiorari in all proper cases. *Amer. Construction Co.* v. *Jacksonville Railway*, 148 U. S. 372, 380. And although, as observed in that case, this writ has not been issued as freely by this court as by the Court of Queen's Bench in England, and, prior to the act of March 3, 1891, c. 517, 26 Stat. 826, had been ordinarily used as an auxiliary process merely, yet, whenever the circumstances imperatively demand that form of interposition the writ may be allowed, as at common law, to correct excesses of jurisdiction and in furtherance of justice. Tidd's Prac. 398; Bacon's Abr. Certiorari."

In *Whitney* v. *Dick*, 202 U. S. 132, a writ of certiorari was granted to the Circuit Court of Appeals for the Ninth Circuit to review the judgment of that court where an original application had been made for the writ of *habeas corpus* and a writ of certiorari in that court. This court held, upon the question of jurisdiction, that there could be no appeal from the Circuit Court of Appeals in such a case, but that a writ of certiorari might issue to bring the case here from the Circuit Court of Appeals upon the authority of *In re Chetwood*, 165 U. S. *supra*. The case at bar being a petition for mandamus there is no amount in controversy, and, consequently, there could be no appeal to this court; and, as in *Whitney* v. *Dick*, *supra*, the judgment of the Circuit Court of Appeals was not final because

of the diversity of citizenship in the court below, and, consequently, certiorari would not issue under the act of 1891. In *Whitney* v. *Dick* the case was remanded to the Circuit Court of Appeals, with instructions to quash the writ of certiorari issued by that court and to dismiss the petition for *habeas corpus.*

In the present case we have no doubt of the authority of this court to issue the writ of certiorari under § 716 of the Revised Statutes of the United States as construed and applied in the cases just cited—*In re Chetwood,* 165 U. S., and *Whitney* v. *Dick,* 202 U. S. *supra.* The suggestion, therefore, that this case should be dismissed for want of power in this court to grant the writ of certiorari cannot be entertained. While the power to grant this writ will be sparingly used, as has been frequently declared by this court, we should be slow to reach a conclusion which would deprive the court of the power to issue the writ in proper cases to review the action of the Federal courts inferior in jurisdiction to this court.

It is further objected that the Circuit Court of Appeals had no jurisdiction to issue the writ of mandamus, as that writ can only be issued in aid of the appellate jurisdiction of the Circuit Court of Appeals, and, it is contended, as that court had no jurisdiction of the suit when the application for mandamus was filed, it ought to have been dismissed. Section 12 of the Court of Appeals Act declares that the Circuit Court of Appeals shall have the powers specified in § 716 of the Revised Statutes of the United States. That section we have already had occasion to quote, and when read in connection with § 12 of the Court of Appeals Act it gives to the Circuit Court of Appeals the authority, as this court has, to issue writs of *scire facias,* and all writs not specifically provided for by statute, and necessary for the exercise of the court's jurisdiction, and agreeable to the usages and principles of law.

In this case it appears that the original action commenced in the Circuit Court of the United States might have been taken on appeal to the Circuit Court of Appeals. The suit involved over $2,000 in amount and was between citizens of

different States. There are not wanting decisions in the Federal courts holding different views as to the right to issue such writs as are involved in this case, before the appellate court has actually obtained jurisdiction of the case. There are expressions in opinions of this court to the effect that such writs issue in aid of a jurisdiction actually acquired. But we think it the true rule that where a case is within the appellate jurisdiction of the higher court a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below. This rule was distinctly stated and the previous cases referred to in *Insurance Company* v. *Comstock*, 16 Wall. 258, 270. In that case the rule was recognized that this court had the power to issue the writ of mandamus to compel the Circuit Courts to proceed to final judgment in order that this court may exercise the jurisdiction of review given by law. In that case the court said:

"Repeated decisions of this court have established the rule that this court has power to issue a mandamus, in the exercise of its appellate jurisdiction, and that the writ will lie in a proper case to direct a subordinate Federal court to decide a pending cause."

In *Ex parte Bradstreet*, 7 Pet. 634, the same rule was laid down by Chief Justice Marshall, speaking for the court, requiring a Federal court of inferior jurisdiction to reinstate a case, and to proceed to try and adjudicate the same. And see *In re Pennsylvania Co.*, 137 U. S. 451, 452; *Virginia* v. *Rives*, 100 U. S. 313; *United States, Petitioner*, 194 U. S. 194; *Barber Asphalt Co.* v. *Morris*, 132 Fed. Rep. 945.

Inasmuch as the order of the Circuit Court staying the proceeding until after final judgment in the state court might prevent the adjudication of the questions involved, and thereby prevent a review thereof in the Circuit Court of Appeals, which had jurisdiction for that purpose, we think that court had power to issue the writ of mandamus to require the Circuit Court to proceed with and determine the action pending before it.

The question then arises, was the Circuit Court justified in staying the proceedings in the case, and withholding further action until the case involving the same question might be brought and determined in the state court? We think that there can be but one answer to this question. The case made upon the bill was within the original jurisdiction of the Circuit Court of the United States. The right of the Circuit Court to maintain such actions, notwithstanding the legislation of the State creating probate courts, has been so recently before this court as to require no further consideration now. *Waterman* v. *Canal-Louisiana Bank*, 215 U. S. 33. In that case, following previous decisions of this court, it was held that the chancery jurisdiction of the Federal courts to entertain suits between citizens of different States to determine interests in estates, and to have the same fixed and declared, having existed from the beginning of the Federal government, and created by the grant of equity jurisdiction to such courts as it existed in the chancery courts of England, could not be impaired by subsequent state legislation creating courts of probate. The action was therefore within the jurisdiction of the Circuit Court of the United States.

So far as the record presented to the Circuit Court of Appeals shows, the only ground upon which the Circuit Court acted in postponing the suit was because the State of South Dakota, which had applied to be made a party, and which application was denied, was about to begin a suit in the state court to determine an escheat of the estate of John C. McClellan, therefore the action was stayed, first, until the beginning of such suit, and then until it was determined. It, therefore, appeared upon the record presented to the Circuit Court of Appeals that the Circuit Court had practically abandoned its jurisdiction over a case of which it had cognizance, and turned the matter over for adjudication to the state court. This, it has been steadily held, a Federal court may not do. *Chicot County* v. *Sherwood*, 148 U. S. 529, 534.

It cannot be denied that a Circuit Court of the United

States, like other courts, had power to postpone the trial of cases for good reasons, but by the orders made in this case the Federal court withheld the further exercise of its authority until the state court, by its action in a case involving all the parties, might render a judgment which would be *res judicata*, and thus prevent further proceedings in the Federal court.

The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different States the Federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case. In the present case, so far as the record before the Circuit Court of Appeals discloses, the Circuit Court of the United States had acquired jurisdiction, the issues were made up, and when the State intervened the Federal court practically turned the case over for determination to the state court. We think it had no authority to do this, and that the Circuit Court of Appeals, upon the record before it, should have issued the writ of mandamus to require the judge of the Circuit Court of the United States to show cause why he did not proceed to hear and determine the case.

Whether the State ought to have been allowed to intervene in the Federal court is not a question now before us; but, if not made a party to the suit, its rights would not have been concluded by any adjudication made therein. *Tindal* v. *Wesley,* 167 U. S. 204, 223.

We have thus far considered the case upon the record made in the Circuit Court of Appeals and certified here upon the writ of certiorari. In this court the honorable judge of the District Court entered special appearance, and filed an affidavit as to the proceedings before him, in which much appears which is not in the record presented to the Circuit Court of Appeals. In that appearance and affidavit the petition in intervention

filed in the Circuit Court of the United States is set forth in full, as well as certain affidavits which were filed. We shall not enter upon a consideration of these papers, because they are not in the record, as the same has been certified to us from the Circuit Court of Appeals as the one upon which it acted, and declined to issue the writ of mandamus. They set forth at length certain proceedings in the state courts of South Dakota, in which it is alleged that the issue of the right of the complainants in the equity suit to take the estate of John C. McClellan, as his heirs at law, was determined adversely to them, and that such proceedings were had as showed that further proceedings in reference to the escheat of the estate of McClellan for want of legal heirs ought to be determined by proceedings in the state court. In making his appearance in this court, and in presenting these papers, it is evident that the District Judge was much influenced in ordering the stay of proceedings, and withholding judgment until the state court had rendered its judgment, by the proceedings already had in the state courts of South Dakota.

As we have said, we do not pass upon the sufficiency of those proceedings to authorize the orders in question. We must take the case as it is presented here upon the stipulated return to the writ of certiorari on the record as presented to the Circuit Court of Appeals. Upon that record, we think, the Circuit Court of Appeals should not have dismissed the writ of mandamus, but should have ordered the alternative writ, or an order to show cause, to issue, in order that the District Judge might have been fully heard before the question was determined as to whether mandamus should issue or not.

We shall, therefore, reverse the judgment of the Circuit Court of Appeals and remand the case to that court, with directions to issue the alternative writ, or an order to show cause. All we decide is that upon the petition and record made in the Circuit Court of Appeals and as now presented by the transcript filed in this court such alternative writ or order to show cause ought to have issued. The judgment dismissing

the petition is reversed and the case is remanded to the Circuit Court of Appeals for further proceedings, as herein indicated.

*Reversed.*