## PURE OIL CO. v. STANDARD OIL CO. (STATE OF LOUISIANA, Intervener).

(District Court, W. D Louisiana.  June 25, 1924.)

No. 1430.

1. Parties ⚖=40(2).—Intervention not permissible in action for money judgment.

An intervener is without right to litigate issues with other parties in a suit, except where there is some claim to the ownership of, or lien upon, property which is being administered by the court.

2. Courts ⚖=493(3)—Pendency of suit in state court not ground for stay of suit in federal court.

A federal court cannot decline to hear the issues in a suit of which it has proper juris-

diction merely because the same question is pending in a state court.

At Law.  Action by the Pure Oil Company against the Standard Oil Company; State of Louisiana, intervener.  On exception by plaintiff to petition of intervention, and motion by defendant for stay of proceedings.  Exception sustained, and motion denied.

Thigpen, Herold & Lee, of Shreveport, La., for plaintiff.

T. M. Milling, of Shreveport, La., for defendant.

A. V. Coco, Atty. Gen., for intervener.

DAWKINS, District Judge.  Plaintiff sued to recover an alleged balance due on account for oil sold and delivered to the defendant.  The state of Louisiana filed a petition of intervention, alleging that the lands from which the said oil had been taken were her property, because they form part of the bed of a navigable stream, which she owns in virtue of her inherent sovereignty.

Plaintiff excepted to this intervention upon the ground that there was no property in custody, or fund to be distributed, which would permit the intervening of a third person; that the suit was one purely for a moneyed judgment; and that the intervention, for this reason, could not be allowed.

Default having been entered against defendant, it answered and filed a motion for a stay of proceedings until a certain suit pending in the state court between the state, plaintiff, and defendant, to test title to the land, could be determined.

The matter is before the court, therefore, at this time, upon two points: First, as to the right of the state to intervene; and, second, the motion to stay proceedings.

[1] I think the state is without the right to intervene for the reason urged; that is, there is no fund or property in the hands of the court to be acted upon.  It is true that the claim may have grown out of the production of oil from land as to which the plaintiff had no title, but it is a matter of defense under the answer and annexed exhibits.  The law, both in the federal jurisprudence and under the ruling of the state courts, appears to be settled that an intervener is without right to litigate issues with other parties in a suit, except where there is some claim to the ownership or lien upon property which is being administered in the jurisdiction where the case is pending.  Simkins, Federal Practice (Rev. Ed.) p. 741; Lincoln v. New Orleans Exp. Co., 45 La. Ann. 729, 12 So. 937.

[2] On the second point it seems to be settled that a federal court cannot decline to hear the issues of a litigation of which it has proper jurisdiction, simply because the same question is pending in a state court. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762. From the answer and exhibits it appears that the plaintiff agreed to guarantee defendant against any loss on account of defects in the title to the property from which the oil delivered was taken, and to furnish it with security against such attack, should the same become imminent. It is demonstrated by the intervention of the state that such claim will be made, and I see no reason why the court in its judgment could not enforce the contract, and, as a condition to the payment of the sum claimed, require the plaintiff to give proper security, or, if the question of title should be gone into, it might determine the sufficiency of the defense, or nonsuit the plaintiff until the title has been settled. If there should appear upon the trial any reasonable question as to the possibility of the defendant having to pay twice for the oil, I think its rights can be properly safeguarded by the judgment which may be rendered in the case. The court, of course, has the power to grant a new trial, if, in its judgment, the facts should not warrant the finding of the jury.

For these reasons, I think the exception to the intervention should be sustained, and the motion for stay of proceedings overruled.