**Lee A. CLARKE, Plaintiff,**

v.

**Officer CASH, et al., Defendants.**

**Civ. A. No. 93–1352.**

United States District Court,
District of Columbia.

Dec. 8, 1993.

---

Lee A. Clarke, pro se.

Lawrence G. McPherson, Office of Corp. Counsel, D.C., Washington, DC, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on plaintiff's Motion to Consolidate and defendants' Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Lee A. Clarke, a prisoner in the Lorton Correctional Complex, brought two lawsuits in this Court under 42 U.S.C. § 1983 alleging violations of his civil rights. Defendants, Sharon Pratt Kelly, Mayor of the District of Columbia, and the D.C. Department of Corrections move to dismiss on the grounds that plaintiff filed an identical suit in a court having concurrent jurisdiction. For the reasons stated below, defendants' Motion to Dismiss is denied and plaintiff's Motion to Consolidate is granted.

On June 24, 1993, plaintiff, proceeding *pro se*, filed a complaint in the United States District Court for the District of Columbia alleging that officers Cash and Jackson, employees of the District of Columbia Department of Corrections, assaulted him in the D.C. Jail. He further claims that as a direct result of the alleged assault he sustained injuries to his jaw, and suffered in pain for 14 hours while defendants denied him medical attention. The Clerk's office assigned the case the civil action number 93–1301. On June 30, 1993, plaintiff filed another complaint in this Court complaining of the same alleged acts by the D.C. Department of Corrections employees that prompted him to file the initial complaint. That case was assigned the civil action number 93–1352.

This already unconventional case took a bizarre turn when on July 6, 1993, plaintiff filed a complaint, identical in all respects to the complaints before this Court, in the Superior Court of the District of Columbia ("Superior Court"). The Superior Court

case was assigned a civil action number 93–7632. The presiding judge in the Superior Court case, Judge Cushenberry, held an initial scheduling and settlement conference on October 28, 1993. To date, neither plaintiff nor defendants have made an appearance before this Court.

This case presents two issues for decision. First, whether two lawsuits before a court, containing identical factual and legal issues, should be consolidated. Second, whether a federal district court may refuse to hear a case over which it properly has subject matter jurisdiction solely because an identical case is proceeding in a state court.

## DISCUSSION

■ Plaintiff moved on July 16, 1993 to consolidate his two district court cases noting that they involve "essentially identical Complaints," common questions of law and fact, and consolidation would reduce administrative costs and delays. Federal courts possess the discretion under Federal Rule of Civil Procedure 42(a) to consolidate pending actions involving common questions of law and fact. As the two cases pending in this Court involve identical questions of law and fact and plaintiff's Motion to Consolidate is unopposed, plaintiff's motion is hereby granted.

■ That issue decided, the Court turns its attention to defendants' Motion to Dismiss. The defendants argue in their motion that the doctrine of abstention, notions of comity, and the interests of judicial economy support dismissal of the two district court cases as plaintiff's action is currently before the D.C. Superior Court. Rule 12(b)(6) allows for dismissal of a complaint for failure to state a claim upon which relief can be granted. Plaintiff's complaint alleges that defendants violated his civil rights which were secured by a federal statute. Plaintiff also alleges that defendants' actions caused him to suffer personal injuries for which he seeks monetary damages. Without considering the reliability or truthfulness of plaintiff's assertions, this Court concludes that plaintiff's complaint must survive a Rule 12(b)(6) motion. Plaintiff has stated a claim upon which relief can be granted.

Interestingly, nowhere in their motion do defendants contest the legal sufficiency of plaintiff's claim. The main thrust of their argument is that plaintiff's claim—if it is a valid one—should be heard in the Superior Court. Assuming, *arguendo*, that defendants' mistakenly cite Rule 12(b)(6) in their motion to dismiss, the Court may examine the substance of the motion to determine whether defendants state an alternative basis for their motion.

In support of their motion to dismiss, defendants rely on the *Younger* doctrine, which holds that in the absence of extraordinary circumstances a federal court may not enjoin a state criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970). The defendants recognize that this is a civil case and neither party has requested injunctive relief. They contend, however, that the *Younger* doctrine has been extended to encompass civil cases such as this, so the Court ought to dismiss plaintiff's complaint and allow the action to be tried exclusively in the Superior Court.

*Younger* and its progeny cannot be read to apply to a case such as this where a person brings an action under a federal statute in federal court to enforce civil rights secured by the Constitution. There is little merit in defendants' argument that *Younger* is controlling. Furthermore, the defendants fail to directly address the crucial issue of the source of a federal court's power to dismiss in this instance. Defendants cite no case law recognizing a federal court's power to dismiss a case such as this under the *Younger* doctrine. The defendants' motion raises, albeit without specifically referring to it as such, an "abstention" argument under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■ The Supreme Court in *Colorado River* recognized the right of federal courts to dismiss an action because of the pendency of a concurrent action in a state court, but it also sharply limited the exercise of that right. *Id.* The Supreme Court stated that federal courts have an "unflagging obligation" to exercise the jurisdiction given to

them. *Id.* at 818, 96 S.Ct. at 1247. As a result, dismissal solely for reasons of judicial economy when faced with a concurrent state proceeding is justified only in exceptional circumstances.[1] In deciding whether to dismiss, a federal court must take into account its obligation to exercise jurisdiction and the combination of factors counselling against that exercise.[2] *Id.* at 819–20, 96 S.Ct. at 1247–48.

This Court clearly has subject matter jurisdiction over this case because plaintiff's claim arises under a federal statute. The *Colorado River* factors, as applied in this case, do not support dismissal. First, this Court is not a more inconvenient forum for the plaintiff than D.C. Superior Court. Second, at this point in the proceedings, the Court finds no suggestion of present or prospective piecemeal litigation. Third, that this Court obtained jurisdiction over the case prior to plaintiff filing his claim in the Superior Court supports retention of jurisdiction. Moreover, one *Cone* factor, that federal law would provide the rule of decision on the merits, weighs against dismissal in this case where federal law will determine the outcome on the merits.

■ The Court concludes that the relevant case law does not support dismissal under these circumstances. While the exercise of concurrent jurisdiction in this instance may constitute a gross misuse of public funds, the Court must decline the defendants' invitation to dismiss. The general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1247 (1976) (quoting *McClelland v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910)). The Court is unaware of any factors that would allow departure from that rule, therefore, defendants' motion to dismiss is denied.

*CONCLUSION*

For the reasons stated above, defendants' motion to dismiss is denied and plaintiff's motion to consolidate is granted.

1. The Supreme Court in *Colorado River* provided examples of the type of factors that will warrant dismissal, such as inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, the order in which jurisdiction was obtained and the priority in assuming jurisdiction over property.

2. In a 1983 case, the Court recognized two factors that weigh against a stay or dismissal: that federal law would provide the rule of decision and the inadequacy of the state remedy. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983).