**KYTEL INTERNATIONAL GROUP, INC., Plaintiff–Appellant,**

v.

**RENT–A–CENTER, INC. and ISAK DAVITASHVILI, Defendants– Appellees.**

**Docket No. 01–9354.**

United States Court of Appeals, Second Circuit.

Aug. 5, 2002.

Garth S. Wolfson, Mahoney & Keane, New York, NY, for Appellant.

Diane K. Lettelleir, Winstead Sechrest & Minick P.C., Dallas, TX, Jonathan A.

Damon LeBoeuf, Lamb, Greene & MacRae, LLP, New York, NY, for Appellees.

Present STRAUB, and SOTOMAYOR, Circuit Judges, and SESSIONS, District Judge.*

### *SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is REVERSED and the matter is REMANDED for further proceedings.

Plaintiff-appellant KyTEL International Group, Inc. ("KyTEL"), appeals from two rulings of the United States District Court for the Southern District of New York (Whitman K. Knapp, *Judge*) denying its motion for remand to state court and dismissing its suit. KyTEL, a supplier of interstate telecommunications services, commenced suit in the Supreme Court of the State of New York, County of New York against Rent–A–Center, Inc. and Isak Davitashvili, a local store manager for a Rent–A–Center store (collectively "RAC") on May 1, 2000. RAC removed the action to the United States District Court for the Southern District of New York on the basis of federal question jurisdiction. KyTEL moved to remand the case to state court for lack of subject matter jurisdiction; the motion was denied. *See KyTEL Int'l Grp., Inc. v. Rent–A–Center, Inc.*, No. 00–cv–4517, 2001 WL 228128 (S.D.N.Y. Mar.8, 2001). RAC then moved to dismiss the action, based in part on the fact that it had filed suit in Texas state court before KyTEL filed its suit in New York. The motion was granted on that basis, and the District Court did not address the other grounds for dismissal.

---

* The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

*See id.,* 2001 WL 1287015 (S.D.N.Y. Oct.24, 2001).

According to KyTEL's complaint, it entered into a Telecommunications Services Agreement ("TSA") for KyTEL to supply RAC with its services, and for RAC to pay for $18,000,000 worth of services over a 36 month term. Davitashvili executed the TSA. RAC disavowed any agreement, contending that Davitashvili was not authorized to execute such an agreement, and that his signature was either forged or obtained by deceit.

KyTEL filed suit for damages under the TSA, but was beaten to the courthouse by RAC, which filed suit in Texas state court seeking a declaration as to the parties' obligations, as well as claiming fraud and tortious interference with contract. *See Rent–A–Center, Inc. v. KyTEL Int'l Grp., Inc.,* No. 199–675–00 (Tex. County Ct. filed Apr. 28, 2000).[1]

■ The District Court dismissed Ky-TEL's suit based on the "first filed rule." The first filed rule, a change of venue principle, permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits are pending in federal courts. *See First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 77, 79 (2d Cir.1989). Because RAC's Texas action is in state court, it was error for the District Court to dismiss on the basis of the first filed rule.

Ordinarily " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.' " *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501,

54 L.Ed. 762 (1910)). This principle is based on "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* The only grounds for a federal court to refrain from exercising its jurisdiction in favor of a pending state proceeding in the situation presented in this case would be for reasons of "wise judicial administration" under *Colorado River. See id.,* at 817–18, 96 S.Ct. 1236. The "exceptional circumstances" offering the "clearest of justifications" required to justify surrender of federal jurisdiction do not exist here. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colo. River,* 424 U.S. at 818–19, 96 S.Ct. 1236. Therefore the District Court's October 24, 2001 order must be reversed.

■ RAC removed KyTEL's state court action to federal district court pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action over which a federal court has original subject matter jurisdiction. Absent diversity of citizenship, the District Court had subject matter jurisdiction only if KyTEL's well-pleaded complaint revealed a federal question. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Marcus v. AT&T Corp.,* 138 F.3d 46, 52 (2d Cir.1998). KyTEL pled only state law claims; ordinarily the plaintiff, as master of its complaint, is free to avoid federal jurisdiction by doing so, even if federal law would preempt all of its state law remedies. *See Caterpillar,* 482 U.S. at 392–93, 107 S.Ct. 2425; *Marcus,* 138 F.3d at 52–53. Occasionally "the pre-emptive force" of federal statutory or common law "is so extraordinary that it converts an ordinary state common-law complaint into one stat-

---

1. On June 20, 2000 a petition for involuntary bankruptcy was filed against KyTEL in the District of Delaware. Accordingly, RAC's Texas action has been stayed.

ing a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 (internal quotations omitted). This Circuit has held that federal law "does not completely preempt state law claims in the area of interstate telecommunications," however. *Marcus,* 138 F.3d at 54. Only if KyTEL's state law complaint is actually federal in nature, disguised by "artful pleading," will removal have been proper. *See id.* at 55.

Pursuant to 47 U.S.C. § 203(a), providers of interstate telecommunications services are required to file their rates, or tariffs, with the Federal Communications Commission ("FCC"). These tariffs "have the force of federal law." *Fax Telecommunicaciones Inc. v. AT & T,* 138 F.3d 479, 488 (2d Cir.1998). The "filed rate doctrine" applies to tariffs filed with the FCC. *AT & T v. Cent. Office Tel., Inc.,* 524 U.S. 214, 222, 118 S.Ct. 1956, 141 L.Ed.2d 222 (1998). This doctrine " 'forbids a regulated entity to charge rates for its services other than those properly filed with the appropriate federal regulatory authority.' " *Fax,* 138 F.3d at 488 (quoting *Ark. La. Gas Co. v. Hall,* 453 U.S. 571, 577, 101 S.Ct. 2925, 69 L.Ed.2d 856 (1981)).

If KyTEL seeks to recover for rates and services it provided based on tariffs filed with the FCC, then the suit arises under federal law and was properly removable. *See id.; Marcus,* 138 F.3d at 56; *AT & T v. City of New York,* 83 F.3d 549, 552 (2d Cir.1996). If its suit is based merely on the enforceability of the TSA as a separate contract, independent of any rates on file with the FCC, then it is not removable. *See Fax,* 138 F.3d at 487. The filed rate doctrine may well be a defense to Ky-TEL's claims, but a federal defense does not transmute a state law claim into a

federal one. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425; *Fax,* 138 F.3d at 486.

Of KyTEL's five causes of action, the first four unambiguously seek recovery based on the TSA alone. Only the fifth cause of action may provide a basis for removal jurisdiction based on a federal question. The fifth cause of action, which seeks to recover for telecommunications services provided from April 11, 2000 to April 24, 2000, may be based on terms found in the TSA's "base order form," *see* TSA ¶ 7, or in its "attachment one." *See* TSA ¶ 2.[2] It is unclear from the record whether any terms of the TSA were filed as a contract tariff. It is also unclear whether the rates that KyTEL sought to charge, whether from attachment one or the base order form, were filed rates. The District Court's order, concluding that Ky-TEL's suit constitutes a federal claim because it is based on a filed tariff, lacks support in the record and must be vacated.

Upon remand the District Court should attempt to determine upon what basis Ky-TEL seeks recovery for its April 2000 services. If it is able to resolve this question from the pleadings and any incorporated exhibits, then it must ascertain whether a filed tariff is referenced or incorporated. If a filed tariff is referenced or incorporated, then KyTEL's state law breach of contract claim is an artfully pleaded federal claim and federal jurisdiction exists. If the District Court is unable to determine these facts, or if the fifth cause of action does not seek payment under a filed rate, then removal was improper and the case must be remanded to state court.

For the reasons set forth above, the District Court's October 24, 2001 Order

---

**2.** Neither "attachment one" nor the "base order form" have been included in the par- ties' Joint Appendix.

dismissing the complaint is REVERSED. The District Court's March 8, 2001 Order denying plaintiff's motion to remand is VACATED, and the matter is remanded for further proceedings consistent with this opinion.