[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16484
Non-Argument Calendar

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-21931-CV-KMM

LISA, S.A.
a Panamanian corporation,

Plaintiff-Appellant,

versus

DIONISIO GUTIERREZ MAYORGA,
JUAN JOSE GUTIERREZ MAYORGA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 8, 2005)**

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, Lisa, S.A., challenges the decision of the district court denying its motion to vacate a stay of the proceedings. We reverse and remand.

In February 1999, Lisa filed a state court action in Miami-Dade County, Florida against various individuals and corporate defendants alleging that Lisa, a shareholder, has been improperly deprived of its share of the profits from a large-scale, vertically-integrated chicken production operation headquartered in Guatemala. Lisa alleges that a substantial portion of the funds rightfully belonging to Lisa were diverted to Florida accounts and/or used to purchase assets located in Florida. Lisa's second amended complaint includes two counts of dealing with stolen property in violation of Section 812.019, Florida Statutes, a count seeking a constructive trust over real and personal property of which Lisa claims to be the rightful owner, and the imposition of an equitable lien over all such property. In July of 2002, Lisa filed a similar action in the Southern District of Florida against a larger group of defendants. Lisa's federal complaint arises out of the same general grievance as its state action but predominantly seeks, among other things, in personam relief under Federal and Florida RICO.

On October 15, 2002, the district court issued an order staying the federal action in deference to the state action on the grounds of both judicial economy and the *Colorado River* doctrine. *See Colorado River Water Conservation Dist. v.*

2

*United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976). In *Lisa, S.A. v. Dionisio Gutierrez Mayorga*, No. 02-16302 (11th Cir. Dec. 15, 2003), the Defendants argued that the stay was one of very limited duration, and we held that the district court did not abuse its discretion in granting the stay. On July 20, 2004, nearly two years after entry of the stay order, Lisa filed a motion to vacate the order granting the stay. That motion was denied. This appeal followed.

As a threshold matter, we conclude that we have jurisdiction to hear Lisa's appeal. Review pursuant to 28 U.S.C. § 1291 is appropriate in abstention-based stay orders because such stays effectively put the litigant out of federal court. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712 (1996); *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1522-24 (11th Cir. 1984). While we would normally be unable to review a motion to vacate such an order after having already affirmed the stay on appeal, we agree with Lisa that the district court's order denying Lisa's motion to vacate the stay represents a substantial alteration of the original stay, providing jurisdictional grounds under *Stone* for us to review the order.

The district court erred in concluding that the *Colorado River* doctrine provides grounds for a stay in this case. As explained in *Colorado River*, "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state

3

court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246 (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S. Ct. 501, 505 (1910)). Rather, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id*. Because the facts here do not present the "exceptional circumstances" which would allow the court to abstain from exercising its jurisdiction in order to avoid duplicitous litigation with the state court, it was error for the court to deny Lisa's motion on that ground. *See Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004).

We also conclude that it was an abuse of discretion for the district court to deny Lisa's motion to vacate the stay on the ground of judicial economy. The district court initially characterized the stay order as one of limited duration, pending resolution of certain threshold issues in state court that might eliminate duplicitous litigation in federal court. "Threshold issues including *forum non conveniens*, failure to state a claim, and issues of personal and subject matter jurisdiction all remain before the state court. The resolution of these issues may resolve or moot issues currently before this Court." (R.4-393 at 2.) However, at the time the district court issued the order denying Lisa's July 20, 2004, motion to vacate the stay, the stay order had been in effect for more than two years, and none of the threshold matters in the state action

had been finally resolved. The stay, therefore, has proven to be "immoderate." *See*

*Ortega Trujillo v. Conover & Co. Communs., Inc.*, 221 F.3d 1262, 1264 (11th Cir.

2000).

The decision of the district court, denying Lisa's motion to vacate the stay is,

therefore, REVERSED, and the case is REMANDED to the district court for further

proceedings consistent with this opinion.

**REVERSED AND REMANDED**.