

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2005

# Prevost v. Hazlet

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Prevost v. Hazlet" (2005). *2005 Decisions.* Paper 101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3891

RICHARD PREVOST,
                    Appellant

v.

TOWNSHIP OF HAZLET; FRANCIS C. EMERY
a/k/a Frank Emery; JAMES BRODERICK; ROBERT J. MULLIGAN;
EUGENE KILEY; PATRICIA R. JOHNSON; MARGARET J. MARGIOTTA

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-01237)
District Judge: Honorable Garrett E. Brown, Jr

Argued on June 28, 2005

Before: ROTH, RENDELL and BARRY, Circuit Judges

(Opinion filed: December 16, 2005)

Joseph R. Brennan, III, Esquire (ARGUED)
Kelly & Brennan
1800 Highway 34, Suite 403
Wall Township, NJ 07719

        Counsel for Appellant

J. Sheldon Cohen, Esquire (ARGUED)
Decotiis, Fitzpatrick, Cole & Wisler
500 Frank W. Burr Boulevard
Glenpointe Centre West
Teaneck, JN 07666

Eric L. Harrison, Esquire
Methfessel & Werbel
3 Ethel Road
P.O. Box 3012, Suite 300
Edison, NJ 08818

Counsel for Appellees

―――――

O P I N I O N

―――――

**ROTH**, Circuit Judge:

This is an appeal from the District Court's dismissal of a § 1983 suit brought by

Richard Prevost, a former police officer in the Township of Hazlet. Prevost's suit alleges

that defendants Township of Hazlet and several of its employees, under color of state law,

manipulated civil service procedures to deprive him of his job without due process. In

addition to filing this suit, Prevost pursued the administrative procedures available to him

under New Jersey law to contest the disciplinary charges imposed by the Township at the

time of his termination. The District Court dismissed the case on the grounds that

abstention was appropriate under Younger v. Harris, 401 U.S. 37 (1971), in light of these

state administrative proceedings. For the reasons discussed below, we will reverse the

2

District Court's decision and remand the case.

## I. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the legal determination of whether the requirements for Younger abstention have been met and, if so, we review the District Court's decision to abstain for abuse of discretion. O'Neill v. City of Phila., 32 F.3d 785, 790 (3d Cir. 1994).

## II. Abstention

Although the general rule is that the pendency of a state court proceeding is not a reason for a federal court to decline to exercise jurisdiction established by Congress, McClellan v. Carland, 217 U.S. 268, 281-82 (1910), an exception to that rule is Younger abstention. Younger v. Harris, 401 U.S. 37 (1971), established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding. This principle has been extended to civil proceedings and state administrative proceedings. Moore v. Sims, 442 U.S. 415 (1979), Williams v. Red Bank Board of Education, 662 F.2d 1008, 1017 (3d Cir. 1981). Three requirements must be met before Younger abstention is appropriate: (1) there must be an ongoing state proceeding that is judicial in nature, (2) the state proceedings must implicate important state interests, and (3) the state proceedings must afford an adequate opportunity to raise the federal claims. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

3

The District Court misapplied the third prong of the Younger requirements. Here, the state administrative proceeding is Prevost's appeal of the disciplinary charges imposed by the Township. Prevost filed an appeal from these charges with the Merit System Board, which resulted in a hearing before an Administrative Law Judge in May 2003. After the ALJ affirmed the "removal" of Prevost from his position, Prevost filed an appeal with the Merit System Board, which was denied in October 2003. Prevost then appealed this decision to the Superior Court of New Jersey, where the matter was pending at the time of the District Court's decision. The parties advised us at oral argument that this appeal has now been decided.

The state administrative proceeding, while based on the same factual circumstances as this suit, did not afford Prevost the opportunity to raise the claims he argues here. First, the only party to the state administrative proceeding was the Township, while the defendants in this case include the Township and several of its employees. Second, the state administrative proceeding was limited to the question of whether the Township's termination of Prevost was in accordance with state statutes and regulations. Here, Prevost argues that the defendant employees of the Township manipulated state regulations to deprive him of employment, in violation of his constitutional rights, a claim that does not fall within the scope of the administrative hearing. Third, the only possible relief from the state administrative proceeding was reinstatement and limited compensatory damages. This case includes a § 1983 action seeking punitive and compensatory damages that are not available in the state

4

administrative proceeding.  Prevost's suit also seeks injunctive relief to restrain the Township and its employees from publishing information about Prevost and the state administrative proceeding could neither consider this claim nor award injunctive relief.

In Hospital Council of Western Pennsylvania v. City of Pittsburgh, 949 F.2d 83, 90 (3d Cir. 1991), we concluded that, because the constitutional claims asserted by a state employee in a § 1983 action could not have been fully raised in related state administrative proceedings, abstention by the District Court was not appropriate.  The same conclusion is warranted here.  Prevost's constitutional claims could not have been and were not considered in the state administrative proceedings.  At most, if it was concerned about the state administrative proceeding, the District Court could have stayed this suit pending the conclusion of the state appeals.  As the state administrative proceedings are now final, it is appropriate, on remand, for the District Court to proceed with this case.

## III.    Conclusion

The District Court's dismissal of this case will be reversed because the District Court erred in abstaining due to a related state administrative proceeding.  We will remand the case for further proceedings consistent with this opinion.