**Michael S. BAREFOOT, individually, and d/b/a Security Auto Sales, Security Auto, Inc., d/b/a and a/k/a Security Auto Sales, Plaintiff,**

v.

**SECURITY CREDIT CORPORATION, INC., Kathy Conway, individually, David Lee, individually, and Leo Daughtry, individually, Defendants.**

No. 5:08–CV–18–BO.

United States District Court,
E.D. North Carolina,
Western Division.

Oct. 15, 2008.

James E. Hairston, Junius Allen Crumpler, III, Hairston, Lane & Brannon, Raleigh, NC, for Plaintiff.

L. Lamar Armstrong, Jr., Armstrong & Armstrong, Smithfield, NC, for Defendants.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss or Stay Action. For the reasons stated below, the Court DENIES both Defendants' Motion to Dismiss or Motion to Stay Action.

## BACKGROUND

On January 14, 2008, Defendants filed a state court action against Plaintiff alleging fraud, conversion, forgery of title certificates, failure to provide title certificates and conversion of checks payable to Defendants. In response to the complaint in state court, Plaintiff filed an answer and counterclaims alleging several state court common law claims against Defendants relating to Abuse of Power, Unfair and Deceptive Trade Practices, Tortuous Interference with Business Contractual Relations and Breach of the Duty of Good Faith and Fair Dealing.

Also on January 14, 2008, Plaintiff filed the instant action against Defendants in federal court, alleging violations of 18 U.S.C. § 1961, the Racketeer Influenced

and Corrupt Organization Act ("RICO"), N.C. Gen.Stat. § 75D–1, the North Carolina RICO Act, and North Carolina common law relating to Abuse of Power, Unfair and Deceptive Trade Practices, Tortuous Interference with Business Contractual Relations and Breach of the Duty of Good Faith and Fair Dealing.

On June 23, 2008, Defendants moved to dismiss or stay the instant action, contending that the claims raised by Plaintiff in this federal action are compulsory counterclaims that should have been raised in the state court action.

### DISCUSSION

■ Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Great American Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006). In general, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910). The Supreme Court, however, has indicated that "federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances', where denying a federal forum would clearly serve an important countervailing interest." *Great American Ins.*, 468 F.3d at 206 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236)).

■ In determining where the dismissal or stay of a federal suit due to the presence of a concurrent state proceeding would be appropriate, the Supreme Court has identified several factors that a federal court may consider in deciding whether "exceptional circumstances" justify such

action: (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties. *Chase Brexton Health Servs. v. Md.*, 411 F.3d 457, 463–464 (4th Cir.2005) (citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.* 460 U.S. 1, 15–16, 19–27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) and *Colorado River*, 424 U.S. at 818–819, 96 S.Ct. 1236). "In the end, however, abstention should be the exception, not the rule, and it may be considered only when 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Chase Brexton*, 411 F.3d at 464 (quoting *Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. 927).

■ In reviewing the instant action relative to the six factors set forth by the Supreme Court, the Court finds little support exists for dismissing or staying the federal suit. With respect to the first two factors—whether the subject matter of the litigation involves a *res* or whether federal forum is inconvenient, neither provides support for such action. With respect to the threat of piecemeal litigation in the sense that the two cases proceed simultaneously, the "mere potential for conflict in the results of the adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Chase Brexton*, 411 F.3d at 465–466 (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236).

With respect to the fourth factor—the order in which jurisdiction was obtained by the courts—counsels against dismissing or staying the federal suit because the state

and federal actions commenced on the same day. Although the state court action commenced ahead of the federal action that day, the difference of a few hours hardly warrants the dismissal or staying of the federal action.

With respect to the source of law at issue in the instant action, the fact that Plaintiff alleges Defendants violated federal RICO strongly counsels in favor of this Court exercising jurisdiction. While there are ancillary state law claims, there is no dispute as to whether the federal RICO claim lies at the heart of instant action.

With respect to the sixth factor—whether state law proceedings adequately protect the rights of the parties seeking to invoke federal jurisdiction—considering the allegations of local biases in favor of Defendants and the fact that the Plaintiff's RICO claims were not included in the state proceeding, this factor also tends to weigh against dismissing or staying the instant action.

In short, after considering the relevant factors, this Court cannot conclude that this case presents "exceptional circumstances" so as to justify the surrendering of its jurisdiction in favor of a state court proceeding. *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236.

### CONCLUSION

Accordingly, Defendants' Motion to Dismiss or Stay Action is DENIED.

SO ORDERED.